UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6022-CR-HURLEY
Magistrate Judge Vitunac

UNITED STATES OF AMERICA     )
                             )
                             )
                             )
v.                           )
                             )
CHARLES LLEWLYN,             )
DOUGLAS McCLOUD,             )
CHRISTOPHER GILBOURNE,       )
EDWARD DANY, and             )
DORRELL BRYAN,               )
     Defendants.             )
_____)

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.   The government is unaware of any written statements made by the defendants. Copies of tape recorded conversations can be furnished upon request. Please supply approximately four (4) 90 minute blank audio cassette tapes to the undersigned with your request.

     2.   There are no oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.



3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd, Ste 700, Fort Lauderdale, Florida 33394. Please call the undersigned to set up a date and time that is convenient to both parties.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is presently unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 1976).

D. There have been no payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. However, one or more witnesses have been shown photos of the defendants for the purpose of identifying where each defendant was located during the offense.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is presently aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendants. Lab tests are still pending.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of

        law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

                                      Respectfully submitted,

                                      THOMAS E. SCOTT
                                    UNITED STATES ATTORNEY

By:    _____
        Roger H. Stefin
        Assistant United States Attorney
        Florida Bar No. 0287334
        500 East Broward Blvd.,Ste 700
        Fort Lauderdale, Florida 33394
        Tel: (954) 356-7255
        Fax: (954) 356-7336

cc:   Special Agent, James Barnick
      Drug Enforcement Task Force

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 11th day of February, 2000, to:

Phillip Horowitz, Esq.
12651 South Dixie Highway, Suite 328
Miami, FL 33156

Leon Watts
Assistant Federal Public Defender
400 Australian Ave., Ste. 300
West Palm Beach, FL 33401

David P. Rowe, Esq.
18800 NW 2nd Ave., #105-A
Miami, FL 33169

Abe A. Bailey, Esq.
18350 N.W. 2nd Ave., 5th Floor
Miami FL 33169

Arthur Marchetta, Esq.
915 Middle River Dr., Ste.401
Fort Lauderdale, Fl 33304

Paul McKenna, Esq.
2666 Tigertail Ave., Suite 104
Miami, FL 33133

_____
Roger H. Stefin
Assistant United States Attorney