UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                         CASE NO.: 00-6022-CR-MIDDLEBROOKS

CHARLES LLEWLYN,

                                  Magistrate Judge Vitunac

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO THE PSI

COMES NOW the Defendant CHARLES LLEWLYN by and through his undersigned counsel and pursuant to Administrative Orders 95-02 and 90-26 and U.S.S.G. §6A1.3 and hereby files these, his objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1.    That on May 11, 2000 this Defendant pled guilty to Count I of the indictment which generally charged him with conspiracy to possess with the intent to distribute cocaine.

2.    That currently, sentencing is set in this matter for **Wednesday, August 9, 2000** at 4:30 p.m. in Miami.

3.    The defendant has a factual objection to ¶6 of the PSI in that, at the bottom of page 4 the last two sentences should read as follows: "**McCleod** advised that he had some people waiting that had cash available to purchase five kilograms. **McCleod** then asked if he were able..."

A review of the transcripts shows that this Defendant did not know Gilbourne and those in the van prior to the purported sale. Those men were known only to McCleod who set up the actual sale.

1



As ¶11 of the PSI clearly shows this Defendant, in his post arrest statement that he was there to inspect the cocaine at the behest of Onious McGregor but to was McCleod who knew how to and had made contact with Gilbourne to purchase the cocaine.

4.    The Defendant would object to not being allowed a two level adjustment for a minor role as set forth in ¶12 and 20 of the PSI.    It is the position of the Defendant that he should be entitled to a downward adjustment for his role in the offense of two levels.

Under U.S.S.G. §3B1.2 the district court is mandated to decrease the defendant's base offense level by two levels if "the defendant was a minor participant in any criminal activity.
The Sentencing Guidelines provide for adjustments to the offense level for the role the defendant played in committing the offense, based upon the examination of all relevant conduct. <u>United States</u> <u>vs. Costales</u>, 5 F.3d 480, 484 (11th Cir. 1993).    The Sentencing Commission states that " a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. §3B1.2, comment. (n.3)  See <u>United States vs. Cacho</u>, 951 F.2d 308 (11th Cir. 1992).

The mitigating adjustment provision applies when "a particular defendant is less culpable than other members of the group to such a degree that a distinction should be made at sentencing between him and other participants." <u>United States vs. Gordon</u>, 895 F.2d 932, 935 (4th Cir. 1990).

Section 3B1 allows the sentencing judge to look to the

2

contours of the underlying scheme itself and not merely the elements of the offense charged. United States vs. Costales, supra at 484, United States vs. Rodriguez, 925 F.2d 107, 111 (5th Cir. 1991). After finding that the defendant's relevant conduct involved more than one participant (which the defendant would stipulate to) the analysis then requires the court to determine "the defendant's culpability for such conduct was relatively minor compared to that of the other participants". United States vs. Costales, supra at 484-5. See also United States vs. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991); United States vs. Katora, 981 F.2d 1398, 1405 (3rd Cir. 1992).

In this case, the Defendant had a rather unique role. The primary negotiations of the deal (that did not transpire) were between McGregor and the informant. This Defendant was not a broker but a mere representative of McGregor. As the representative he was at the scene (Don Pan Bakery at Sawgrass Mills mall) to inspect. His task was basically to check out the informant and to see, on behalf of McGregor, whether he (the informant) was for real and whether he really had cocaine. He was to examine a one kilogram sample.

The defendant's role was to act as the agent of McGregor who was physically located in Jamaica who was, together with the informant, the original masterminds of the deal. While the examination was to take place, the informant stated that he had five kilograms for sale at which point, McCleod contacted Gilbourne.

3

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

The guidelines require the trial Court to consider all the criminally culpable participants in the criminal scheme, to look at all the relevant conduct of the necessary participants in the underlying scheme, not simply the elements in the indictment charging a single defendant. United States vs. Costales, 5 F.3d 480, 484 (11th Cir. 1993)

The proponent of the downward departure (the Defendant) always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. United States vs. De Varon, 175 F.3d 930, 939 (11th Cir. 1999).

First and foremost the district court must measure the defendant's role against the relevant conduct for which (he) has been held accountable. De Varon at 940. As a drug courier, "it is perfectly legitimate for the district court to consider any fact related to a defendants' conduct as a courier in an importation scheme, including (his) status and assigned tasks in that scheme. De Varon at 942.

The defendant here acted as the agent for another and his role, when considered with the others is certainly minor. In fact, when the actual delivery was to be made, the Defendant was not present and had departed the scene.

Therefore, this Court should reduce the Defendant's offense level by two.

5.    That the Defendant would object to paragraph 12 and 17 regarding the probation officer's assessment that the Defendant should be held responsible for in five kilograms of cocaine in this

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

case. The Defendant would agreed that the amount that he should be held responsible for is the one kilogram of purported cocaine that he was to examine on behalf of Mr. McGregor. The mere assertion that McCleod had made contact with Gilbourne who was to purchase the five kilograms does not make that amount attributable to the Defendant.

In United States vs. Podlog, 35 F.3d 699 (2nd Cir. 1994), defendant Genna was involved in one transaction where, although 400 grams were requested, only 125 grams of heroin were actually delivered. The court found that in cases where the negotiated amount differs from the amount actually transacted, and there is an indication that the transaction is complete, (i.e. money is exchanged), the amount negotiated becomes irrelevant for sentencing purposes. See Podlog, supra at 708.

Particularly, the Court looked to application note 12 of §2D1.1 of the guidelines which indicates that the amount negotiated may be counted where there is "an uncompleted distribution".

A similar result must occur in this case. In the present case, there is an uncompleted transaction. Rather the cocaine that was actually supplied by the undercover informant amounted to well beyond the agreement with this Defendant. Therefore, the actual wants and desires of the informant should be irrelevant for guideline purposes in this case in that it was the informant who dictated the amounts that were to be sold to McCleod's people.

Further, the Defendant would contend that, even if this court follows a §2D1.1 analysis, there is insufficient evidence to prove

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

that the Defendant had the requisite intent and ability to purchase the amount offered for sale on the date of the arrest.

§2D1.1 states, in its material part, "where the Court finds that the Defendant did not intend to produce and was not reasonably capable to producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing".

The November 1, 1995 amendments to the sentencing guidelines and amendment to §2D1.1 specifically application note 12 are applicable here. The amendment of the issue of ability to produce and the amount attributable to a defendant now reads as such:

> "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level **unless the sale is completed and the amount delivered more accurately reflects the scale of the offense.** (emphasis added)

The amendment then proceeds to give two examples which indicate that in a case such as this one, an the actual delivery should prevail while in a reverse sting, where the government controls and delivers the contraband, the controlled substance negotiated for would more accurately reflect the amount.

These notes go on to state:

> "If, however, the Defendant establishes that he or she did not intend to provide, or was not reasonably capable of providing, the agreed upon quantity of controlled substance, the court shall exclude from the offense level determination, the amount of controlled substance that the defendant establishes that he or she did not intend to provide or was not reasonably capable of providing."

The Eleventh Circuit in <u>United States vs. Tillman</u>, 8 F.3d 17

6

(11th Cir. 1993) has held the government to a stricter burden of proof, where at page 19, the court found that the government has the burden of persuasion as to the Defendant's ability and intent to produce.

The Defendant's case is similar to United States vs. Crespo, 982 F.2d 483 (11th Cir. 1993) where the Defendant negotiated a three to five kilogram cocaine transaction with another party. In all, the Defendant was only able to produce a 1/3 gram sample. There was no indication that the Defendant ever had access to the amount requested. The Court in Crespo found that the mere negotiation, without more, is insufficient to prove an ability to produce. Supra at 485.

As further evidence of the Defendant's inability and lack of foreseeability to purchase five kilograms of cocaine, the Defendant would point the Court back to the purpose of Llewlyn being there which was to view a sample and "size up" the informant for a potential future deal. When the informant chimed in that he had cocaine available, it was McCleod and not Llewlyn that consummated the deal.

The Defendant's actions on the dates of his offense plainly indicate that he did not have the ability to purchase the five kilograms that were for sale and therefore, he should be held responsible for only the amount he went to view which is one kilogram.

By holding the Defendant responsible for the amount he was to examine, his base offense level in ¶17 of the PSI would be lowered

7

from 32 to 26 and the minimum mandatory sentence would drop from ten to five years.

WHEREFORE, the Defendant CHARLES LLEWLYN respectfully requests that this Court enter an order sustaining his objections to the PSI.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 2nd day of August, 2000 to: ROGER STEFFIN, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to MS. SHEILA TIERNEY, United States Probation Officer, 501 South Flagler Drive, Suite #400, West Palm Beach, FL 33401.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant LLEWLYN
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax.: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

8