

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6022-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,    :

     Plaintiff,    :

v.    :

CHARLES LLEWLYN,    :

     Defendant.    :
_____/

# DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant, CHARLES LLEWLYN, through counsel, and files these, his

supplemental objections to the Presentence Investigation Report (hereinafter "PSI") and

would further states as follows:

1. That on May 11, 2000, this Defendant pled guilty to Count I of the indictment

in this case which generally charged him with conspiracy to possess with intent to

distribute cocaine.

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949



2.  Currently, sentencing in this case is set for Wednesday, August 9, 2000 at 4:30 p.m. in Miami. However, due to a last minute substantial revision to the PSI, a motion to continue the current sentencing date has been filed.  These substantial revisions have placed the Defendant as a career criminal.

3.  Initially, the Defendant would respectfully object to paragraphs 55 and 56 of the Presentence Investigation Report, which states that the Defendant's statutory maximum is life imprisonment, and that his guideline range is 262-327 months. Mr. Llewlyn contends that the statutory maximum for this offense as alleged in the indictment is 20 years. Furthermore, as no amount of cocaine was either pled in the indictment or proven, his base offense level would be the minimum or a base offense level 12. Thus, the adjusted guideline range is 4-10 months.

On May 11, 2000, Mr. Llewlyn entered a plea of guilty to Count I of the indictment that charged him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846.

The statutory scheme of Title 21 U.S.C. § 841 essentially creates three separate offenses for cocaine distribution, under three subparagraphs. Subparagraph (b)(1)(A) makes it illegal to distribute cocaine in excess of 5,000 grams. The statutory maximum for that offense is life. The mandatory minimum is 10 years. Subparagraph (b)(1)(B) makes it illegal to distribute cocaine in excess of 500 grams. The statutory maximum

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

for that offense is 40 years with a mandatory minium of 5 years. Subparagraph (b)(1)(C) makes it illegal to distribute cocaine in amounts not covered by subparagraphs (A) and (B). The statutory maximum is 20 years with no mandatory minimum.

In the indictment, the government charged Mr. Llewlyn with conspiracy to possess with intent to distribute cocaine. The government failed to charge in the indictment the amount of the cocaine conspired to be distributed. The indictment thus charged Mr. Llewlyn with the crime described in 21 U.S.C. § 841(b)(1)(C) and not with the crimes described in subparagraphs (A) or (B).[1] Mr. Llewlyn entered a guilty plea to an offense with a statutory maximum sentence of 20 years.

Specifically, the Supreme Court recently ruled that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, __ S. Ct. ___, No. 99-478, 2000 WL 807189 at *13 (U.S. June 26, 2000). In a federal prosecution, this reasoning also requires that any such fact must be properly pled in the indictment. *Id.* at *13 n.15, *18; *see also* U.S. Const. amend. V.[2]

---

[1] Referencing subparagraph (b)(1)(B) by letter and number in the indictment is not sufficient. An indictment "must set forth each element of the crime that it charges." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

[2] The United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S.

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

In his concurring opinion, Justice Thomas concluded that after an exhaustive review of 200 years of precedent, the majority decision in *Apprendi*, "far from being a sharp break with the past, marks nothing more than a return to the status quo ante – the status quo that reflected the original meaning of the Fifth and Sixth Amendments." *Id.* at *28.

Specifically, the concurring opinion states:

> In order for an accusation of a crime (whether by indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime . . .. Thus, it is critical to know which facts are elements.

> \*     \*     \*

> A long line of essentially uniform [Supreme Court] authority . . . establishes that a "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and provides for increasing the punishment of that crime upon a finding of some aggravating fact – of whatever sort, including the fact of a prior conviction – the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravated crime. Similarly, if the legislature, rather than creating grades of crimes, has provided for setting the punishment of a crime based on some fact . . . that fact is also an element.

---

Const. amend. V.

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

*Id.* at *18-19.

Just three days after its decision in *Apprendi*, the Supreme Court applied the reasoning and holding of *Apprendi* to the issue of whether the structure of 21 U.S.C. § 841(b)(1) creates separate offenses or just one offense with several sentencing enhancements. In *United States v. Jones*, the Tenth Circuit held that § 841(b)(1) sets forth sentencing factors and not elements of separate offenses, and therefore, the court concluded that drug quantities did not have to be charged in the indictment and determined by a jury but could instead be determined by the judge at sentencing. *See United States v. Jones*, 194 F.3d 1178, 1185-86 (10th Cir. 1999). Applying *Apprendi*, the Supreme Court vacated the Tenth Circuit's decision in *Jones* and remanded the case to the Tenth Circuit "for further consideration in light of *Apprendi*." *Jones v. United States*, ___ S. Ct. ____, No. 99-8176, 2000 WL 217939 (June 29, 2000). The actions of the Supreme Court in *Jones* strongly suggest that the reasoning of *Apprendi* applies to an analysis of § 841(b)(1) and that the various drug quantities enumerated in § 841(b)(1) are elements of separate offenses that must be charged in the indictment and found beyond a reasonable doubt by a jury.

Applying the reasoning of *Apprendi*, Mr. Llewlyn entered a guilty plea to the lesser crime of 21 U.S.C. § 841(b)(1)(C) and not to the aggravated crime of § 841(b)(1)(B). Under the reasoning of *Apprendi*, that aggravating factor is an essential

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

element of the offenses established in § 841(b)(1)(A) and (B). Therefore it must be properly charged in the indictment. *See Apprendi*, 2000 WL 807189 at *13 n.15, *18-19, *Hamling*, 418 U.S. at 117.

Specifically, the amount of cocaine in the present case is a fact that clearly "increases the prescribed range of penalties to which [Mr. Llewlyn] is exposed," and thus it has to be charged in the indictment and proven beyond a reasonable doubt. *See id.* For example, under the Sentencing Guidelines, a conviction for a drug offense involving less than 25 grams of cocaine, a violation of 21 U.S.C. § 841(b)(1)(C), yields a base offense level of 12. *See* U.S.S.G. § 2D1.1(c)(14). For a defendant with a criminal history category of one, that corresponds to a prescribed range of 10-16 months. An increase in the amount of cocaine to 500 grams of cocaine, a violation of § 841(b)(1)(B), has a corresponding increase in the offense level to 26 and a corresponding increase in the prescribed range of penalties to 70-87 months. *See* U.S.S.G. § 2D1.1(c)(7).

Because the aggravating factor, the amount of cocaine, was not charged in the indictment, the amount cannot be used to calculate the sentence for Mr. Llewlyn. *See Apprendi*, 2000 WL 807189 at *13, *Jones*, 2000 WL 217939 at *1. This Court is thus bound by the offense charged in the indictment and plead to by Mr. Llewlyn, a drug trafficking offense involving an undetermined amount of cocaine. In order to comply

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

with the strictures of *Apprendi* and not apply an aggravating factor that was not charged in the indictment, this Court must calculate Mr. Llewlyn's sentence using a base offense level of 12 which corresponds to the lowest allowable amount of cocaine. *See* U.S.S.G. § 2D1.1(c)(14).

In addition to the plain language and straightforward logic of *Apprendi*, the basic structure of the Sentencing Guidelines demonstrates that the holding of *Apprendi* applies to Mr. Llewlyn's sentencing. In Chapter 1, Part A of the U.S.S.G. manual, the Sentencing Guidelines Commission describes the theory and methodology utilized in crafting the present guidelines. Under a heading entitled, "The Basic Approach", the commission writes:

> In its initial set of guidelines, the Commission sought to solve both the practical and philosophical problems of developing a coherent sentencing system by taking an empirical approach that used as a starting point data estimating pre-guidelines sentencing practice. It analyzed data drawn from 10,000 presentence investigations, <u>the differing elements of various crimes as distinguished in substantive criminal statutes</u>, the United States Parole Commission's guidelines and statistics, and data from other relevant sources in order to determine which distinctions were important in pre-guidelines practice. After consideration, the Commission accepted, modified, or rationalized these distinctions.

U.S.S.G. Chapter 1, Part A (emphasis added).

Further, the Commission states:

Page 7 of 12

> The Commission did not simply copy estimates of pre-guidelines practice as revealed by the data, even though establishing offense values on this basis would help eliminate disparity because the data represent averages. Rather, it departed from the data at different points for various important reasons. Congressional statues, for example, suggested or required departure, as in the case of the Anti-Drug Abuse Act of 1986 that <u>imposed increased and mandatory minimum sentences</u>.

*Id.* (emphasis added).

Additionally, in describing how the respective base offense levels came into being the Commission explains:

> In determining the appropriate sentencing ranges for each offense, the Commission estimated the average sentences served within each category under the pre-guidelines sentencing system. <u>It also examined the sentences specified in federal statutes</u>, in the parole guidelines, and in other relevant, analogous sources. The Commission's Supplementary Report on the Initial Sentencing Guidelines (1987) contains a comparison between estimates of pre-guidelines sentencing practice and sentences under the guidelines.

*Id.* (emphasis added).

Clearly, the foundations of the guidelines and the specific offense levels themselves are predicated, at least in part, on the sentences contained in the federal statutes and with the mandatory minimum provisions. This is why base offense levels for drugs are higher than those for fraud or immigration offenses. As an example, the

LAW OFFICES OF PHILIP R. HOROWITZ

SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

minimum offense level for any cocaine distribution offense would be 12, as argued in the instant case. The minimum offense level for a fraud case is 6, U.S.S.G. § 2F1.1, and for an immigration case is 8. U.S.S.G. 2L1.2. Obviously, the Commission created offense levels that reflect the higher statutory penalties associated with drugs than with fraud and immigration.

It follows then that the logic of *Apprendi* would extend to the guidelines. The amount of contraband triggers an aggravated penalty and a commensurate increase in the sentencing guidelines base offense level which results in a higher penalty. This higher guideline sentence could extend beyond a statutory maximum. It is the amount that triggers this result. That amount is not charged in the indictment. This is the heart of the *Apprendi* ruling that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" must be submitted to a jury, and proved beyond a reasonable doubt. *Apprendi*, 2000 WL 807189 at *13.

In sum, because the indictment failed to charge a specific amount of cocaine, this Court cannot use the amount of cocaine to "increase the range of penalties to which [Mr. Llewlyn] is exposed." *See Apprendi*, 2000 WL 807189 at *13. This Court must, therefore, calculate Mr. Llewlyn's sentence using a base offense level of 12. *See* U.S.S.G. § 2D1.1(c)(14). The correct final guidelines range for Mr. Llewlyn is thus

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

8-14 months assuming he is not a career offender. (Total offense level 10, Criminal History Category II).

Should this Court find the Defendant to be a career offender under §4B1.1 of the guidelines, his base offense level would be 32. Taking off three levels for acceptance of responsibility, he would have a total offense level of 29 with a criminal history category of VI and a sentencing range of 151-188 months.

<u>Career Offender Objection</u>

This objection is being made in the abundance of caution having yet to review the revised PSI, received on August 5, 2000, with the Defendant.

The Defendant would object to ¶23 and 31 of the PSI wherein the probation officer puts the Defendant in criminal history category VI as a career offender. The Defendant does not dispute that he has four criminal history category points, however, they all resulted from offense that were committed just at ten (10) years prior to this incident that led to the indictment. Paragraph 29 shows that an offense that was committed more than nine years prior to the Defendant's involvement in the instant offense.

Under §4A1.3 of the guidelines, a downward departure is permissible if the criminal history category does not adequately reflect the defendant's past criminal conduct.

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

In this Circuit, the court has held that even a career criminal may be granted relief in the form of a downward departure under §4A1.3 regardless of status. <u>United States vs. Webb</u>, 139 F.3d 1390, 1395 (11th Cir. 1998); <u>United States vs. Shoupe</u>, 35 F.3d 835, 839 (3rd Cir. 1994)

In order that the Defendant's criminal history category can be addressed to form a fair sentence, it is requested that the Defendant be sentenced on a Category II or III rather than a Category VI should the defendant so qualify.

WHEREFORE, the Defendant CHARLES LLEWLYN respectfully requests that this Court enter an order sustaining his objections to the PSI.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7th day of August 2000 to: ROGER STEFFIN, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

to MS. SHEILA TIERNEY, United States Probation Officer, 501 South Flagler Drive,

Suite #401, West Palm Beach, Florida 33401.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant LLEWLYN
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

Page 12 of 12