UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C

00 AUG -9 AM 9: 25

CLARENCE HADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                  CASE NO.: 00-6022-CR-MIDDLEBROOKS

CHARLES LLEWLYN,

                   Magistrate Judge Vitunac

    Defendant.

_____/

### DEFENDANT'S SECOND SUPPLEMENTAL OBJECTIONS TO THE PSI

COMES NOW the Defendant CHARLES LLEWLYN by and through his undersigned counsel and pursuant to Administrative Orders 95-02 and 90-26 and U.S.S.G. §6A1.3 and hereby files these, his second supplemental objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1.    That on May 11, 2000 this Defendant pled guilty to Count I of the indictment which generally charged him with conspiracy to possess with the intent to distribute cocaine.

2.    That currently, sentencing is set in this matter for **Wednesday, August 9, 2000** at 4:30 p.m. in Miami.

3.    The since the last objections were filed earlier this afternoon, the revised PSI has been personally reviewed with the Defendant and the Defendant has one additional objection as it pertains to ¶23 and 31 of the PSI.

Based on the documents that have been attached to the revised PSI and presumably appended thereto by the United States Probation Office (a copy of which has been attached to these objections) it



appears that the Defendant was never convicted of the offense alleged in ¶30 of the PSI.

According to the attachments, the Defendant appeared to reach an agreement with the prosecutor in New Jersey as to what he was going to plea to. However, the record as provided is silent as to whether the Defendant actually entered a guilty plea before the presiding judge in New Jersey.

Furthermore, the plea form which is attached is signed by the Defendant (purportedly using an alias), his attorney and the prosecutor. The is no signature of the judge ratifying the agreement wherein four of the five charges were to de dismissed. The attached case history type sheet is silent in that regard other than to show that there is an outstanding warrant for the Defendant's arrest.

At ¶30 of the PSI the probation officer states that the Defendant pled guilty on December 4, 1994. There is no evidence of that in the attached record. The only evidence is that the Defendant signed the plea form which could have been prepared and signed in his attorney's office as there is no judicial activity evidenced.

Under §4B1.1 of the guidelines, the Defendant must have two **convictions** of either a crime of violence or a drug trafficking crime to qualify for the career offender enhancement. The record as produced does, in the light most favorable to probation, shows only an arrest, plea agreement and a warrant. There is no evidence of a conviction, finding of guilt or adjudication anywhere.

2

WHEREFORE, the Defendant CHARLES LLEWLYN respectfully requests that this Court enter an order sustaining his objections to the PSI.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7th day of August, 2000 to: ROGER STEFFIN, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to MS. SHEILA TIERNEY, United States Probation Officer, 501 South Flagler Drive, Suite #400, West Palm Beach, FL 33401.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant LLEWLYN
Suite #328 – Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax.: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

3

PLEA FORM

a/k/a

County Passaic

DEFENDANT'S NAME Ahmad Thomas before Judge Robert Passero

1. List the charges to which you are pleading guilty:

| Ind./Acc./Compl.# | Count | Nature of Offense | Degree | STATUTORY MAXIMUM | | VCCB |
| | | | | Time | Fine | Assmt* |
| 93-07-0788 | 5 | Distribution | 3rd | MAX 5 yrs | 25000. | 50 |
| | | of CDS | | MAX | | |
| | | within | | MAX | | |
| | | 1,000' of school | | MAX | | |
| | | | | MAX | | |

Your total exposure as the result of this plea is:     TOTAL 5 yrs. 25000 50

PLEASE CIRCLE
APPROPRIATE ANSWER

2. a. Did you commit the offense(s) to which you are pleading guilty?     ([YES]) [NO]
b. Do you understand that before the judge can find you guilty, you will have to tell the judge what you did that makes you guilty of the particular offense(s)?     ([YES]) [NO]

3. Do you understand what the charges mean?     ([YES]) [NO]

4. Do you understand that by pleading guilty you are giving up certain rights? Among them are:
a. The right to a jury trial in which the State must prove your guilt beyond a reasonable doubt?     ([YES]) [NO]
b. The right to remain silent?     ([YES]) [NO]
c. The right to confront the witnesses against you?     ([YES]) [NO]

5. Do you understand that if you plead guilty:
a. You will have a criminal record?     ([YES]) [NO]
b. Unless the plea agreement provides otherwise, you could be sentenced to serve the maximum time in confinement, to pay the maximum fine and to pay the maximum Violent Crimes Compensation Board Assessment?     ([YES]) [NO]
c. You must pay a minimum Violent Crimes Compensation Board assessment of $50 ($100 minimum if you are convicted of a crime of violence) for each count to which you plead guilty? (Penalty is $30 if offense occurred between January 9, 1986 and December 22, 1991 inclusive. $25 if offense occurred before January 1, 1986.)     [YES] ([NO])
d. If the offense occurred on or after February 1, 1993 and you are being sentenced to probation or a State correctional facility, you must pay a transaction fee of up to $1.00 for each occasion when a payment or installment payment is made?     ([YES]) [NO]
e. If the offense occurred on or after August 2, 1993 you must pay a $75 Safe Neighborhood Services Fund assessment for each conviction?     [YES] ([NO])
f. If the offense occurred on or after January 5, 1994 and you are being sentenced to probation, you must pay a fee of up to $25 per month for the term of probation?     ([YES]) [NO]

*VIOLENT CRIMES COMPENSATION BOARD ASSESSMENT     Defendant's Initials A.Thomas

on ~~sentenced~~ ground that document could in its discretion impose some minimum time in confinement to be served before you become eligible for parole, which period could be as long as one half of the period of the custodial sentenced imposed?    (YES)   [NO]

7.    Did you enter a plea of guilty to any charges that require a mandatory period of parole ineligibility or a mandatory extended term?    (YES)   [NO]
a. If you are pleading guilty to such a charge, the minimum mandatory period of parole ineligibility is ___1___ years and ___9___ months (fill in the number of years/months) and the maximum period of parole ineligibility can be ___2___ years and ____ months (fill in the number of years/months) and this period cannot be reduced by good time, work, or minimum custody credits.

8.    Are you pleading guilty to a crime that contains a presumption of imprisonment which means that it is almost certain that you will go to state prison?    (YES)   [NO]

9.    Are you presently on probation or parole?    [YES]   (NO)
a. Do you realize that a guilty plea may result in a violation of your probation or parole?    [YES]   [NO]   (N/A)

10.   Are you presently serving a custodial sentence on another charge?    [YES]   (NO)
a. Do you understand that a guilty plea may affect your parole eligibility?    [YES]   [NO]   (N/A)

11.   Do you understand that if you have plead guilty to, or have been found guilty on other charges, or are presently serving a custodial term and the plea agreement is silent on the issue, the court may require that all sentences be made to run consecutively?    [YES]   [NO]   (N/A)

12.   List any charges the prosecutor has agreed to recommend for dismissal:

| Ind./Acc./Compl.# | Count | Nature of Offense and Degree |
|---|---|---|
| 93-07-0788 | 1 | UPCDS (3rd) |
| | 2 | " w/ intent (3rd) |
| | 3 | " 1,000 ft. of school |
| | 4 | Distribution CDS (3rd) |

13.   Specify any sentence the prosecutor has agreed to recommend:

4 yrs. maximum, 21 months w/o parole

14.   Has the prosecutor promised that he or she will NOT:
a. Speak at sentencing?    [YES]   (NO)
b. Seek an extended term of confinement?    (YES)   [NO]
c. Seek a stipulation of parole ineligibility?    [YES]   (NO)

15.   Are you aware that you must pay restitution if the court finds there is a victim who has suffered a loss and if the court finds that you are able or will be able in the future to pay restitution?    [YES]   [NO]   (N/A)

Defendant's Initials  A. Thomas

you can be required to forfeit your office or job by virtue of your plea of guilty? [YES] [NO] (N/A)

17. Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty? [YES] [NO] (N/A)

18. Have you discussed with your attorney the legal doctrine of merger? (YES) [NO] [N/A]

19. Are you giving up your right at sentence to argue that there are charges you pleaded guilty to for which you cannot be given a separate sentence? [YES] [NO] (N/A)

20. List any other promises or representations that have been made by you, the prosecutor, your defense attorney, or anyone else as a part of this plea of guilty:

_None_

21. Have any promises other than those mentioned on this form, or any threats, been made in order to cause you to plead guilty? [YES] (NO)

22. a. Do you understand that the judge is not bound by any promises or recommendations of the prosecutor and that the judge has the right to reject the plea before sentencing you and the right to impose a more severe sentence? (YES) [NO]

b. Do you understand that if the judge decides to impose a more severe sentence than recommended by the prosecutor, that you may take back your plea? (YES) [NO]

c. Do you understand that if you are permitted to take back your plea of guilty because of the judge's sentence, that anything you say in furtherance of the guilty plea cannot be used against you at trial? (YES) [NO]

23. Are you satisfied with the advice you have received from your lawyer? (YES) [NO]

24. Do you have any questions concerning this plea? [YES] (NO)

DATE: 12/5/94     DEFENDANT _Ahmad Thomas_

DEFENSE ATTORNEY _C. Kaser_

PROSECUTOR _M. Fucild_

[ ] This plea is the result of the judge's conditional indications of the maximum sentence he or she would impose independent of the prosecutor's recommendation. Accordingly, the "Supplemental Plea Form for Non-Negotiated Pleas" has been completed.

# SUPPLEMENTAL PLEA FORM
## FOR DRUG OFFENSES

The following additional questions need to be answered only if you are pleading guilty pursuant to an offense under N. J. S. A. 2C:35-1 et seq. or N. J. S. A. 2C:36-1 et seq.

24. Have you and the Prosecutor entered into any agreement to provide for a lesser sentence or period of parole ineligibility than would otherwise be required? (If yes, be sure to include in questions 12 and 13 above.)  [YES]  [NO]

25. Do you understand that if you plead guilty

a. You will be required to forfeit your drivers license for a period of time from 6 to 24 months?  ([YES])  [NO]

b. You will be required to pay a forensic laboratory fee of $50 for each offense for which you plead guilty?  ([YES])  [NO]

c. You will be required to pay a mandatory drug enforcement and demand reduction (D.E.D.R.) penalty as listed below for each offense for which you plead guilty?  ([YES])  [NO]

The mandatory penalties are as follows:

(1) $3,000 in the case of a 1st degree crime

(2) $2,000 in the case of a 2nd degree crime

(3) $1,000 in the case of a 3rd degree crime

(4) $ 750 in the case of a 4th degree crime

(5) $ 500 in the case of a disorderly persons or petty disorderly persons offense

TOTAL D.E.D.R. Penalty _____1,050.____

DATE: __12/5/97__

DEFENSE ATTORNEY _____

PROSECUTOR _____        __Ahmad Thomas__
                                              DEFENDANT

White - COURT     Yellow - DEFENSE COUNSEL     Pink - PROSECUTOR

STATE OF NEW JERSEY · Document 7.1 · 3add284cb1492a97 · Page 8 of 26

**STATE OF NEW JERSEY**
**COUNTY OF PASSAIC**

**THE STATE OF NEW JERSEY,**

To the Sheriff of the County aforesaid or any Constable or police officer thereof

**GREETING:**

These are to charge and command you to take

and bring Him/Her Ahmad Thomas forthwith before the Superior Court now in session in and for the County aforesaid, and have you then and there this Precept with your return thereon how you have executed the same. HEREOF, fail not at Your peril.

WITNESS, HON. _____ Esquire, Judge of our said _____ Superior Court at Paterson, in the Court aforesaid, the _____ day

of February _____ in the Year of our Lord One Thousand Nine Hundred and 9 _____

Clerk

By _____ Special Deputy Clerk

☐ For arraignment
☐ For Trial
☑ For Sentencing ↓ PSI
☐ Witness
☐ Violation of Probation

DISTRIBUTION:
White — Warrant Section
Yellow — Warrant Section
Pink — Bail Unit (Probation)
Gold — File

# LAW DIVISION
# CRIMINAL

Date: ___

☐ BAIL   ☒ MOTION   Mun. Dkt. No.: ___
☐ ARRAIGNMENT   ☐ SENTENCE   Municipality: ___
JUDGE PRESIDING   Ind. Acc. No.: 93-01-00788-I
☐ RETRACTION   ☐ VOP   Case/Defdnt No.: 9300-0962-003
☐ TRIAL   ☐ OTHER   HON. S. H. Reiss   SBI No.: ___

Defendant: Ishmail Thomas   Court Clerk: Murphy
Defendant's Address: 215 Interwist 3rd fl Paterson NJ   Prosecutor: Wide
D.O.B. 02-1-65   SS# 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   Reporter: Pat
Defense Counsel: ___   Crt. Interp.: ___

☐ PVT   ☐ PD   ☐ Pool   ☐ Pro Se

| CHARGES | STATUTES | | COUNTS | | DEGREES |
|---|---|---|---|---|---|
| Poss m/50G Hash 5G | | Cts | 1 | Cts | |
| Mfc Dist, Dispense | | Cts | 34 | Cts | |
| CDS 1000ft from School | | Cts | 35 | Cts | |
| | | | | Cts | |

Charges: Include Degree of Crime and Charge Code

☐ Matter adjourned. New date: ___   Code: ___
☐ Defendant hand served.

### ARRAIGNMENT
☐ Not guilty plea   ☐ Guilty plea
☐ PDC set for: ___
☐ PTC/TD set for: ___
Judge: ___

### RETRACTION
☐ R & G Counts ___   ☐ DS Counts ___
☐ PD Counts ___   ☐ DS Counts ___
Code: 303
☐ Guilty Plea to Lesser Indict. Offense: ___

Charge ___ Statute ___ Reason Code ___

### BAIL / JAIL
☐ Bail Amount ___   ☐ Bail Set ___   ☐ Bail Cont'd
☐ Bench Warrant Issued   ☐ Bail Forfeited   ☐ Bail Revoked
☐ Bench Warrant Vacated   ☐ Bail Reinstated
☒ Remanded PCU To Await   ☐ G.J. Act.   ☐ Arraign.
☐ Trial   ☐ Sentencing   ☐ Transport
☐ Jail Discharge Prepared and Submitted
☐ Defendant inmate of other institution ___
☐ Indictment   ☐ Amended   ☐ Downgraded

### TRIAL
☐ Trial Began ___ Trial Ended ___ Total Days ___
Type of Trial:   ☐ Full Trial   ☒ Partial Trial   ☐ W/Jury
☐ Full Trial   ☐ Partial

### MOTION
Type: inactivity

CASE:       9:99-cv-08528
DOCUMENT: 51
DATE:       08/09/00

CLERK:    WC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION

CASE NO.:99-8528-CIV-MIDDLEBROOKS

MAGISTRATE JUDGE: BANDSTRA

RICHARD RAUSCH, JOCELYN
BISHOP, HOPE NEWCOMB and
ELIZABETH SIRKO, on behalf of
themselves and all others similarly
situated,

       Plaintiffs,

vs.

FEDERAL UNION, INC., a Florida
corporation; and JOHN FISCHER, an
individual resident of the State of Florida,

       Defendants.

_____/

## PLAINTIFFS' MOTION FOR ENLARGEMENT
## TIME TO FILE JOINT PRE-TRIAL STIPULATION

    **Plaintiffs, RICHARD RAUSCH, JOCELYN BISHOP, HOPE NEWCOMB and**

**ELIZABETH SIRKO,** by and through undersigned counsel, hereby move for an enlargement of

time, through August 31, 2000, for the parties to file their Joint Pre-Trial Stipulation, and in support

thereof state:

    1.     Pursuant to this Court's Scheduling Order, the Joint Pre-Trial Stipulation in this

matter is due on August 25, 2000.



2.    On July 28, 2000 Plaintiffs provided Defendants with an initial draft of the Joint Pre-Trial Stipulation and requested that Defendant's Counsel review the initial draft and provide a list of Defendants' Trial Exhibits.  A copy of the initial draft of the Joint Pre-Trial Stipulation and letter to Defendants' Counsel is attached hereto as **Composite Exhibit "A"**.

3.    On August 3, 2000 the undersigned again contacted Counsel for Defendants, via fax, requesting his comments to the Pre-Trial Stipulation and advising Defendants' Counsel of the undersigned's intent to finalize the work on the Pre-Trial Stipulation before he left for vacation.  A copy of the correspondence to Defendants' Counsel is attached hereto as **Exhibit "B"**.

4.    To date, however, Counsel for Defendants has not responded to the undersigned's correspondence regarding the filing of the Joint Pre-Trial Stipulation nor has he provided the undersigned with Defendants' Trial Exhibits.

5.    Due to the fact that the undersigned will be on vacation August 9, 2000 through August 24, 2000 and since Defendants' Counsel has not contacted the undersigned regarding the preparation and filing of the Joint Pre-Trial Stipulation, it is highly unlikely that same will be filed on or before August 25, 2000.

6.    The undersigned has attempted to contact Counsel for Defendants regarding this Motion, but has been unable to discuss this matter with him.  It is, therefore, unknown whether Defendants will oppose this motion.

2

Case No.: 99-8528-CIV-MIDDLEBROOKS

**WHEREFORE**, Plaintiffs respectfully requests this Honorable Court enlargement the time for the parties to file a Joint Pre-Trial Stipulation in this matter until August 31, 2000.

Respectfully submitted,

**LAW OFFICES OF DONALD J. JARET, P.A.**
Counsel for Plaintiff
4960 S.W. 72nd Avenue
Suite 202
Miami, Florida 33155
Tel: (305) 740-3383
Fax: (305) 740-3385

BY: _____
DONALD J. JARET
Florida Bar No. 296163

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by mail this _____ day of August, 2000 to: Dennis J. Cary, Esquire, Dennis J. Cary, P.A., 138 West Palmetto Park Road, Boca Raton, Florida, 33432.

_____
DONALD J. JARET

3



CASE:        9:99-cv-08711
DOCUMENT: 48
DATE:        08/09/00

CLERK:    wc

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

**VERONICA PURCELL,**

        Plaintiff,

v.

**BRITISH AIRWAYS PLC
CORPORATION,**

        Defendant.

_____/

CASE NO.: 99-8711

CIV-MIDDLEBROOKS

MAGISTRATE JUDGE BANDSTRA

*NIGHT BOX FILED*

AUG - 8 2000

*CLARENCE MADDOX*
*CLERK, USDC / SDFL / MIA*

### JOINT PRETRIAL STIPULATION

In accordance with this Court's Scheduling Order of December 7, 1999, setting

the joint pretrial stipulation filing date for July 28, 2000, and pursuant to Local Rule

16.2.B, Plaintiff, **VERONICA PURCELL,** and Defendant, **BRITISH AIRWAYS PLC**

**CORPORATION,** by and through the undersigned counsel, hereby submit their Joint

Pretrial Stipulation, as follows:

1.    <u>**A Short Concise Statement of the Case:**</u>

<u>**Plaintiff's Statement:**</u>

On March 26, 1999, Plaintiff, Veronica Purcell, a Palm Beach County

resident, was a passenger aboard British Airways Flight 208, originating out of

Miami, Florida, and bound for London. Ms. Purcell is an eighth-grade science

teacher at Jupiter Middle School, a public school. She was traveling to Europe as

part of a tour group from the school, comprising student band members and

chaperones. When the flight took off, the Plaintiff was in her assigned seat,

#36K, a window seat. After the seat belts light went off, indicating it was safe to

remove one's seat belt and move around the plane, the Plaintiff sought to switch



seats with a student, Brook Cameron, in the seat immediately in front of Plaintiff's, to accommodate Ms. Cameron's desire and request to be seated next to friends in Plaintiff's row. The two students to Plaintiff's left moved into the aisle to allow Plaintiff to move. Subsequently, Plaintiff stood up, picked up her backpack from the floor in front of her seat, placed it on the seat to the left of her seat, and started to move laterally to the left with her knees slightly bent. She took a step, and her foot touched a metal strip and slid, and then she felt intense pain in her knee. The metal strip was normally supposed to be covered with plastic, but instead was exposed. As the result of this accident, Plaintiff underwent two surgeries: arthroscopic knee surgery and ligament replacement surgery, and suffers a substantial permanent impairment affecting her daily activities, and permanent scarring. Plaintiff may also be a candidate for a complete knee replacement. Plaintiff had no prior knee condition.

**Defendant's Statement:**

Plaintiff's alleged injuries were not the result of an accident as that term is defined under the Warsaw Convention, and therefore BRITISH AIRWAYS is not liable for any damages. Plaintiff's alleged injuries were wholly or partly caused by Plaintiff's own negligence, thereby relieving BRITISH AIRWAYS of liability. Furthermore, Plaintiff failed to take steps necessary to properly mitigate her damages.

2.    **Basis of Federal Jurisdiction**

    a.    Jurisdiction is based on 28 U.S.C. § 1331, because the rights of the parties are governed by the Warsaw Convention.

3.    **Pleadings Raising the Issues**

    a.    Complaint, filed August 18, 1999, in the Fifteenth Judicial Circuit in and
for Palm Beach County, Florida, Case No. CL 99-7965 AF.

    b.    Notice of Removal, filed on or about September 15, 1999.

    c.    Answer, filed on or about September 16, 1999, Case No. 99-8711-CIV-
MIDDLEBROOKS.

4.    **List of All Undisposed Motions or Other Matters Requiring Action by the
Court**

    a.    Defendant's Motion for Summary Judgment, dated July 24, 2000.

    b.    Defendants' motions to admit pro hac vice are still pending before this
Court.

5.    **Concise Statement of Uncontested Facts Which Will Require No Proof at
Trial, With Reservations, If Any**

    a.    On March 26, 1999, Defendant, British Airways, operated a Boeing 747
aircraft, which transported passengers, including Plaintiff, on Flight 208
from Miami to London.

    b.    Plaintiff was assigned a window seat, #36K, in the economy section of the
aircraft.

    c.    There were two seats to the left of Plaintiff's seat and then the aisle.

    d.    Plaintiff underwent two surgeries, arthroscopic knee surgery and ligament
replacement surgery.

6.    **Statement of Issues of Fact Which Remain to be Litigated at Trial**

a.   Plaintiffs assert that there is an issue of fact as to whether the events that occurred aboard Defendant's aircraft constituted an "accident" within the meaning of Article 17 of the Warsaw Convention.   Defendant asserts that this is an issue of law for the Court to decide.

b.   Damages of plaintiff, including past and future pain and suffering, past and future medical expenses, past lost wages, and lost future earning capacity.

c.   Defendant asserts that there is an issue of fact as to whether Plaintiff's injuries were caused in whole or in part by Plaintiff's own negligence.

d.   Defendant asserts that there is an issue of fact as to whether Plaintiff failed to properly mitigate her damages.

7.   **Concise Statement of Issues of Law on Which There is Agreement**

a.   Article 17 of the Warsaw Convention governs the rights of the parties to this action exclusively.

8.   **Concise Statement of Issues of Law Which Remain for Determination by Court**

a.   Defendant asserts that there is an issue of law as to whether Plaintiff's alleged injuries are the result of an "accident" within the meaning of Article 17 of the Warsaw Convention.

b.   Defendant asserts that there is an issue of law as to whether Plaintiff's damages should be reduced by the amount paid by collateral sources under Section 768.76, Florida Statutes.

9.   **Both Parties' Numbered List of Trial Exhibits**

The parties agree that both parties' numbered trial exhibit lists will be filed prior to the call of the calendar, and that objections to exhibits and exhibit lists will be filed prior to trial.

10.    **Both Parties' Numbered List of Trial Witnesses and Their Addresses**

Both parties' numbered trial witness lists are attached to this Stipulation with expert witnesses so designated.

11.    **Estimated Trial Time**

The parties estimate they will require approximately two (2) trial days for this action.

The parties submit this Joint Pretrial Stipulation to the Court on 8th day of

August, 2000.

**STEARNS, WEAVER, MILLER,**
**WEISSLER, ALHADEFF, &**
**SITTERSON, P.A.**
Attorneys for Defendant, British Airways
Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone No. (305) 789-3200
Fax No. (305) 789-3395

By:_____
          Martin S. Simkovic
          Fla. Bar No. 870625


**CONDON & FORSYTH, L.L.P.**
Co-Counsel for Defendant
Stephen J. Fearon, Esq.
Jonathan E. DeMay, Esq.
685 Third Avenue
New York, New York 10017

**MONTERO, FINIZIO**
**& VELASQUEZ, P.A.**
Attorneys for Plaintiff, Veronica Purcell
200 Southeast Ninth Street
Fort Lauderdale, Florida 33316
Telephone No. (954) 767-6500
Fax No. (954) 766-2690

By:_____
          Carlos A. Velasquez
          Fla. Bar No. 755982

Fax:9547662690                    Aug  8 2000  16:30      P.02

The parties agree that both parties' numbered trial exhibit lists will be filed prior
to the call of the calendar, and that objections to exhibits and exhibit lists will be
filed prior to trial.

10.   **Both Parties' Numbered List of Trial Witnesses and Their Addresses**

Both parties' numbered trial witness lists are attached to this Stipulation with
expert witnesses so designated.

11.   **Estimated Trial Time**

The parties estimate they will require approximately two (2) trial days for this
action.

The parties submit this Joint Pretrial Stipulation to the Court on ___ day of
August, 2000.

**STEARNS, WEAVER, MILLER,**
**WEISSLER, ALHADEFF, &**
**SITTERSON, P.A.**
Attorneys for Defendant, British Airways
Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone No. (305) 789-3200
Fax No. (305) 789-3395

By_____
Martin S. Simkovic
Fla. Bar No. 870625

**MONTERO, FINIZIO**
**& VELASQUEZ, P.A.**
Attorneys for Plaintiff, Veronica Purcell
200 Southeast Ninth Street
Fort Lauderdale, Florida  33316
Telephone No. (954) 767-6500
Fax No. (954) 766-2690

By:_____
Carlos A. Velasquez
Fla. Bar No. 755982

**CONDON & FORSYTH, L.L.P.**
Co-Counsel for Defendant
Stephen J. Fearon, Esq.
Jonathan E. DeMay, Esq.
685 Third Avenue
New York, New York 10017

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

VERONICA PURCELL,

      Plaintiff,

                              CASE NO. 99-8711-CIV-MIDDLEBROOKS

v.

                              Magistrate Judge Bandstra

BRITISH AIRWAYS PLC
CORPORATION,

      Defendant

                             /

## DEFENDANT'S WITNESS LIST

Defendant, British Airways PLC, hereby gives notice that it may call the following

witnesses to testify at the trial of this matter:

1.     Duncan Berges
       Senior Station Maintenance Manager
       British Airways
       World Cargo Americas South
       P.O. Box #591105
       Miami, Florida 33159-1105

2.     Richard Davidson
       British Airways
       Waterside
       P.O. Box 365
       Harmondsworth UB7 0GB England

3.     Jacqueline Bowley
       British Airways
       Waterside
       P.O. Box 365
       Harmondsworth UB7 0GB England

4.     John Hill
       British Airways
       Waterside
       P.O. Box 365
       Harmondsworth UB7 0GB England

CASE NO. 99-8711-CIV-MIDDLEBROOKS

5.    Any and all witnesses listed by Plaintiff.

6.    Any and all rebuttal and impeachment witnesses.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.
Suite 2200 - Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: _____
      MARTIN S. SIMKOVIC
      Florida Bar No: 870625

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via overnight mail on this 8th day of July, 2000 to: STEVEN G. CALAMUSA, ESQ., Gordon & Doner, P.A., 4114 Northlake Boulevard, 2nd Floor, Palm Beach Gardens, Florida 33410 and to CARLOS A. VELASQUEZ, ESQ., Montero, Finizio & Velasquez, 200 Southeast Ninth Street, Ft. Lauderdale, Florida 33316.

_____
MARTIN S. SIMKOVIC

G:\WH11-1220\1024-witness-list.wpd

2

## IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX FILED**

VERONICA PURCELL,                    CASE NO.: 99-8711

      **Plaintiff,**                    **CIV-MIDDLEBROOKS**

v.

BRITISH AIRWAYS PLC                  **MAGISTRATE JUDGE BANDSTRA**
CORPORATION,

      **Defendant.**

_____/

JUL 3 1 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### PLAINTIFF'S WITNESS LIST

Plaintiff, **VERONICA PURCELL**, hereby gives notice that it may call the following

witnesses to testify live or by deposition at the trial in this matter:

1.    Geri Gautney, Witness

2.    Brooke Cameron, Student
    Jupiter Middle School
    Jupiter, Florida

3.    Steven R. Saslow, D.O., Expert
    Orthopaedic Care Specialists
    733 U.S. Highway One
    North Palm Beach, Florida  33408

4.    Thomas J. Fix, M.D., Expert
    Palm Beach Gardens Imaging Center
    3355 Burns Road, Suite 105
    Palm Beach Gardens, Florida 33410-4375

5.    Michael S. Gershberg, PTA, Expert
    Innova Health, Inc.
    825 U.S. Highway 1, Suite 100
    Jupiter, Florida  33477

6.    Alvin A. Ponce de Leon, P.T., Expert
      Innova Health, Inc.
      825 U.S. Highway 1, Suite 100
      Jupiter, Florida  33477

7.    Craig H. Lichtblau, M.D.
      St. Mary's Hosptial
      West Palm Beach, Florida

8.    Geoge Kantor, M.D.
      11211 Prosperity Farms Road
      North Palm Beach, Florida

9.    Medical Records Custodian
      Innova Health, Inc.
      825 U.S. Highway 1, Suite 100
      Jupiter, Florida  33477

10.   Medical Records Custodian
      Orthopaedic Care Specialists
      733 U.S. Highway One
      North Palm Beach, Florida  33408

11.   Medical Records Custodian
      Palm Beach Gardens Imaging Center
      3355 Burns Road, Suite 105
      Palm Beach Gardens, Florida 33410-4375

12.   Medical Records Custodian
      St. Mary's Hosptial
      West Palm Beach, Florida

13.   Medical Records Custodian
      Jupiter Medical Center
      Jupiter, Florida

14.   Any and all witnesses listed by the Defendant, British Airways.

15.   Any and all expert witnesses listed by each Party.

16.   Any and all rebuttal and impeachment witnesses unknown or not reasonably
      discovered at this time.

17.   All deponents whose depositions have been taken and/or are to be taken.

18.   Any and all health care providers for Veronica Purcell.

19.    Plaintiff reserves the right to supplement and/or amend this witness list as
       discovery may warrant.

                              By: _____
                              Carlos A. Velasquez, Esquire
                              Montero, Finizio & Velasquez
                              Counsel for Plaintiff
                              200 E. Ninth Street
                              Fort Lauderdale, FL  33316
                              (954) 767-6500
                              (954) 766-2690

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via facsimile and by U.S. mail this the 31st day of July 2000, to:

**Martin S. Simkovic, Esquire, Esq.,**
Stearns, Weaver et. al.
Counsel for Defendant, British Airways
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130

**Stephen J. Fearon, Esquire**
Condon & Forsyth LLP
Co-Counsel for Defendant, British Airways
685 Third Avenue
New York, New York 10017

By: _____
Carlos A. Velasquez, Esquire
Montero, Finizio & Velasquez
Counsel for Plaintiff
200 E. Ninth Street
Fort Lauderdale, FL 33316
(954) 767-6500
(954) 766-2690