UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION


UNITED STATES OF AMERICA,

        **Plaintiff,**

**V.**                                 *OO—*

                                    **CASE NO:** 6022-Cr-HURLEY-(DMM)

CHARLES LLEWYLN,

        **Defendant.**

_____/



FILED by ____ D.C.

SEP 2 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S D. OF FLA. - MIAMI

Honorable Judge; Donald M. Middlebrooks:


On May 11, 2000, this Defendant entered a plea of guilty to the above captioned Indictment, at which time counsel petitioned the Court to withold adjudication until time of sentencing, to which the Court was so kind to grant.


After arriving at the Federal Detention Center, I initiated a research to avail myself to this circuit case laws concerning my culpability. And as such the Defendant has arrived at the conclusion to withdraw his plea of guilt for the below reasons:


**(1) <u>THE PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED:</u>**


The Defendant contends his plea was not knowingly and vountarily entered as he was not informed by the Court as to the **"Mens Rea"** element of the instant offense.


The Fourteenth Amendment of the Due process Clause requires that a plea of guilt beknowingly entered, as it involves a number of the Defendants rights. **<u>GADDY V. LINAHAN</u>, 780 f2d 935, 943 (11th Cir. 1986)** (citation and footnote omitted). A plea of guilty cannot support a judgement of guilt unless it was voluntary in a constitutional sense. **<u>HENDERSON V. MORGAN</u>, 426 U.S. 637, 644-45 96 S. Ct. 2253, 2257, 49 L. Ed. 2d 108 (1976)** (footnote omitted).


In **Henderson** cited above the Supreme Court plainly instructed; The voluntariness requirement is not satisfied unless the Defendant receives real notice of the true nature of the charged crime: "[C]learly the plea could not be voluntary in the sense that it constituted an intelligent admission that he

committed the offense unless the Defendant received "real notice of the charge against him; The first and most universally recognized requirement of the Due Process".

This circuit has held that a Defendant does not receive "real notice" of the nature of the charged crime unless he is informed as of the **"Means Rea"** elements of the charged offense. The Defendant receives "real notice" of the charge when he has been informed of both the nature of the charge to which he is pleading guilty and its elements. This is so because a plea of guilty represents, in essence, an admission to every element of the offense. In addition, the Defendant should understand how his conduct satisfies those elements. **GADDY**, 780 f2d at 943-44 (citation omitted); **see also STANO** V. **DUGGER**, 921 f2d 1125, 1142 (11th Cir. 1991) (en banc) [recognizing that, prior to entering a plea of guilty, a Defendant must receive information on the "nature of the offense and the element of the crime"]. At the very least, Due Process requires that the Defendant, prior to entering a plea of guilty, receive a description of the "critical elements" of the charged offense....**GADDY**, 780 f2d at 945. The Defendant contends that these requirements were not met in accordance with his Due Process rights, equally compelling, is that neither the Defendant nor the Government are bound by plea agreements until they are accepted by the Court, the Defendant points to the record that:

**(2) THE GOVERNMENT BREACHED THE PLEA AGREEMNET:**

During the plea colloquy, if the Court recalls, upon examination by the Court if there exists an agreement between the Government and the Defendant, the answer was an unequivocal yes from both parties. Relying on the doctrine of **UNITED STATES V. LADAY, id. at 56 F. 3rd 24 (5th Cir. 1995)** (cooperation agreement implies Government will give adequate opportunity to cooperate); **UNITED STATES V. RINGLING, 988 f. 2d 504 (4th Cir. 1993)** (same)

The Government appears to take the position that it can deal with the Defendant in bad faith so long as it does not discriminate against him on the basis of race or religion. The Government ignores the premise that the "obligation of a contract", in the constitutional sense imputs a legal duty, even upon the sovereign, to perform the specified obligation to that contract. In this case, its the Defendants contention that he was provided with a letter of immunity, at  the Governments discretion, as a bargaining chip in plea negotiations, this

inference is evident from the date of plea and letter of immunity.

**(3) GOVERNMENTS PROFFER AND STATEMENTS AT ABORTED SENTENCING HEARING:**

Its the Defendants contention that based upon the Government proffer and statements made at the sentencing hearing, as a matter of law, a factual determination of guilt cannot be found. The Government stated in part that I was in a separate negotiation with the informant, and I was not affirmatively participating in **Gilbornes,** et al conspiracy to distribute drugs in North Carolina.

As the Supreme Court explained in a case involving the sale of prescription drugs one does not become a party to conspiracy by aiding and abetting it, unless he knows of the conspiracy and the inference of such knowledge cannot be drawn merely from knowledge the buyer will use the goods illegally. **DIRECT SALES CO. V. UNITED STATES, 319(U.S. 703, 709 (1943).** The same holds true where the goods sold are illegal narcotics. "The existence of a simple relationship alone does not furnish the requisite conspiritorial agreement. **UNITED STATES V. BROWN, 872 F. 2d 385 (1989).** Assuming for the sake of discussion I knew of the essence of **Gilbornes** et al to distribute drugs, the Government would have to prove I affirmatively participated in that scheme. By the Government own allocution I had nothing to do with the **Gilborne** scheme, see (aborted sentence transcript Sept. 6, 2000 and plea colloquy of May 11th 2000.)

This circuit time, and time again, has indicated that knowledge alone does not satisfy the requisite of conspiritoral agreement. Its the Defendants contention that obtaining a conviction would be contrary to the long established principle of Due Process that all criminal convictions must be proved by evidence necessary to convince a trier of facts beyond a reasonable doubt as to every element of the existence of every element of the offense. **JACKSON V. VIRGINIA, 443 U.S. 307 (1979).** see also **IN RE: WINSHIP, 397 U.S. 358, 366 (1970).**

**(4) PROSECUTORS MISCONDUCT:**

Whilst recognizing the Court does not normally intrude the integrity of the Grand Jury proceedings except to examine claims of perjury pursuant to its supervisory powers. **(perjury is the claim in this instant case).** The Defendant seeks to show a "prima Facie" claim of Government misconduct, a violation of the 5th Amendment to the U.S. constitution, as such the Defendant seeks to

invoke the Federal Trial Courts inherent powers to supervise its proceedings so as to see justice is done. This is in concert with the Courts powers to interpret the constitution and its supervisory authority over the administration of criminal justice. The dangling inference here is that Agent Barnick made intentional or reckless material statements to Magistrate Judge Snow and Grand Jury, and the U.S. Attorney knowingly acquiesce in the agents conduct. As evident by the DEA-6 report certain statements were attributed to me, that I stated "the buyers had purchased a kilo somewhere else", the DEA report goes on to say (1) kilogram of suspected cocaine was recovered from the van, this was the material te stimony used to misled the Honorable Judge to believe probable cause existed to arrest, this conspiracy was taken one step further to the heart of the justice system to deprive me of my civil liberties by presenting this perjured material statement to the Grand Jurors of this great country, leaving them no choice but to return a bill of indictment against their fellow men, it goes without saying that this misrepresentation was material to the return of the instant indictment. It should be so noted that upon receipt of this alleged narcotics the lab made a factual determination that this was not **cocaine** but **money.**

Equally alarming is when presented with this issue during cross examination Agent Barnick response was that he was too busy to go back to the Grand Jurors to correct this grave error. Strange as it may seem I agree With Agent Barnick,on the premise that it was not is duty but that of the prosecutor, who seems not to realize that they are the representatives, not of an ordinary party to a controversy.but of a sovereignty whose obligation is to govern impartially is as compelling as its duty to govern at all; and whose interest is not that it shall win a case, but that justice be done. It goes without saying that a prosecutor may not present to a Grand Jury evidence which he knows to be **false** or **misleading.** A corollary to this principle is that, once a prosecutor has discovered perjured testimony was offered s/he must make this known to all parties, the Court and the Grand Jury, so that the Grand Jury may reconsider the indictment. The alternative measure is dismissal if the perjured testimony,as alleged,is found to be material to the indictment.

## (5) The Apprendi Issue

The Defendant was charged in an indictment under the statue of 841 which provides for different sentences based on the quantity of drugs involved. Because the amount of drugs at issue could materially alter the sentence to which a defendant is exposed under **APPRENDI**, THE QUANTITY OF DRUGS IS AN an element of the offense that the government must prove to a jury beyond a reasonable doubt. Llewyln et. al. indictment did not specify, a specific amount of drugs for which he could be accountable, neither did the Defendant plead to an amount. Accordingly in order to preserve and protect Defendant Sixth (6) and Fourteenth (14) Amendment under the United States Constitution, is even a more compelling reason for this Court not to adjudicate guilt.

## (6) Counsel

Mr Philip Horowitz, Esq, is the Attorney of record, his conduct throughout the past months have been above board thus far as my limited knowledge of the law is concern. However I strongly feel that both counsel and I was misled by the government as to any future cooperation which would have had an impact on my exposure, this misconception was presented to me leaving me with the understanding that a departure was forthcoming. Upon receipt of this letter counsel may seek to withdraw base upon all the constitutional issues I have raised and may have cast a doubt as to his effectiveness, as previously stated I believe counsel was misled.

## Defendants Prayer

The Defendant implores this Court to accept this letter as a Pro Se Motion to withdraw his plea under the applicable rules governing such conduct and any other relief this Honorable Court deems justified in accordance with this Court supervisory power in the administration of criminal justice. This Court is Defendant's only advocate in preventing a grave constitutional violation. This Circuit has long since held that any persons who has to stand trial on perjured testimony is a violation of the **Due Process Clause Of the Fifth Amendment of the United States Constitution.**

Respectfully Submitted,

Charles Llewyln

Reg.#60206-004

F.D.C.-Miami

P.O Box 019120

Miami-Florida 33101-9120