UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA



UNITED STATES OF AMERICA,

    PLAINTIFF,

Vs.

CHARLES LLEWYLN,                          CASE NO. 00-6022-CR-MIDDLEBROOKS

    Defendant.
_____/

**COMES NOW the Defendant Pro Se, and respectfully moves this Court pursuant to Rule 32(d) makes this renew motion for withdrawal of plea.**

1. The Defendant was charged in a two count Indictment, Count one being a "reverse sting" drug conspiracy to possess with intent to distribute cocaine, and Count two being in essence aiding and abetting the underline offense.

2. The Defendant submit the evidence presented by the government proffer is insufficient to sustain the conviction to Count one or for a reasonable trier of facts to determine a factual determination of guilt could be returned based in part of the government theory of the crime.

3. The government proffer failed to establish that which is necessary to hold the Defendant liable either for conspiracy or for aiding and abetting.

4. The Court failed to ensure that the Defendant understood the nature of the charge or explain the "**mens rea**" elements of the offense thus derivatively making Defendant plea not knowingly and voluntary. See **United States v Quinones 97 F3d 473 (11th Cir. 1996). Gaddy v Linahan 780 F.2d 935,943 (11th Cir. 1986), Stano v Dugger 921 F.2d 1125,1142 (11th Cir. 1991) (en banc).**

5. If the Indictment fails to allege an offense this amounts to a fair and just reasons for permitting the withdrawal of a guilty plea. **United States v Bell 22 F.2d 274 (11th Cir. 1994).**



MEMORANDUM OF LAW

the Defendant CHARLES LLEWYLN, has renewed his Motion for Withdrawal of Plea. The Defendant made the said Motion at time of sentencing and pursuant to Rule 32(d) renews said Motion. The Defendant seeks to clarify his posit to aid this Court in reconsideration of said Motion to Withdraw Plea.

The Defendant would argue that a plea agreement is not binding on neither the government nor Defendant until accepted by the Court as is the controversy in the instant case before bar. **United States v Washam, 66 F.3d 210 (9th Cir. 1995)** held the Defendant could withdraw his plea up until the time the Court accepted the plea. The Defendant entered into a plea agreement on May 11, 2000, at which time the Court did not adjudicate guilt, reserving adjudicating until time of sentence. The Court argument is such that Defendant would not be able to withdraw his plea base in part that Defendant was unhappy with the imposition of sentence, and rightly so, however this is not the scenario we are faced with with, the defendant seek to withdraw his plea prior to the imposition of sentence and prior to the Court adjudicating guilt. It should be noted Defendant guilt was not adjudicated until after the imposition of of sentence and Defendant was return to the holding cell, he was re escorted to the Court to be adjudicated, as such its the Defendant contention in this regards in not accepting his Motion to Withdraw his Plea, and said error cannot be construed as "harmless".

As peeviously stated in certified letter to Court, the Defendant cited among various reasons for the Court to grant his Motion for Withdrawal of plea as to a defective Indictment. Its the Defendant contention that the sufficiency of an Indictment can be raised at any time, see **United States v Miranda 197 F.3d 1357 (11th Cir. 1999), United States v Gayle 936 F.2d 1243 (11th Cir. 1991), United States v Bell 22 F.3d 274 (11th Cir. 1994)**. The Bell Court held that if the Indictment fails to allege an offense this amounts to a fair an just reasons for permitting the Withdrawal of a guilty plea. After **"Apprendi"** it i lear that the rationale of **"Hester"** and circuit law preceding it are no longer viable, and as such Llewyln et. al. Indictment is defective as it fails to establish the aggravating elements. **Apprendi v New Jersy, S.Ct. No.99- 478, 2000 WL 807189 at *13 (U.S. June) 26, 2000.** (The government have to concur that the Indictment is defective.)

These facts are not, it is respectfully submitted, sufficient to sustain a challenge that the Court erred in not granting Llewyln Motion to Withdraw Plea. The Defendant set forth written Motions, The authorities for Withdrawing his Plea herein above, and to so preserve the Defendants constitutional rights under the constitution amendment of the **Vth, Vlth** and **XlV,** and ask this Court upon reflection the same be granted.

Wherefore the Defendant requests that the Court grant his Motion and allow the Defendant to exercise his rights to a trial as guaranteed by the constitution of the United States

**Certificate of Service**
I hereby certify that a true and correct copy of the foregoing has been deposited for mail to the following.

1. **Honorable Judge Donald M. Middlebrooks,** 301 N. Miami Avenue, Florida 33128.

2. **Mr. Roger Steffin, Esquire,** Assistant United States Attorney, 500 East Broward Blvd. Suite#700, Ft. Lauderdale, Florida 33301.

3. **Clerk Of Court,** United States District Court for the Southern District of Florida, 301 N. Miami avenue, Miami,Florida 33128.

Respectfully submitted,

Charles Llewyln, **Pro Se**
Reg.#60206-004
F.D.C.-Miami
P.O Box 019120
Miami, Florida 33101-9120