July 01, 2001

FILED BY _____ D.C

01 JUL -9 PM 12:32

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

Hon Judge Donald M. Middlebrooks
United States District Court
301 N E Miami Ave, 6th Floor
Miami, Florida 33128

Middlebrooks

00-6022-CR

Re: United ... (cert ...)

Dear Judge Middlebrooks:

In furtherance of my pursuit in seeking "Justice" based upon this egregious conviction of which I remain innocent. I respectfully ask this court to re-appoint counsel to assist in my cause before the courts.

As this Court is aware on May 25th, 2001, the Eleventh Circuit affirmed your decision not to withdraw my plea based upon the sole issue presented to the reviewing court. Immediately thereafter Mr. Mark Hanson informed me via mail he believes I have no further cause to ask for a rehearing and he no longer wishes to be associated with this matter. Counsel further advise me if I think I have a cause I could petition the 11th Circuit myself for a rehearing, however I may not bring any new claim to the Courts attention. Fed. R. Crim. P. Rule ___ clearly states the Court may recognize an error if not previously brought to the Courts attention. Notwithstanding this Rule counsel is advising me to "give up".

Immediately after this Court past sentence on 1/27/00, I submitted a renewed motion to withdraw my plea respectfully positing that the Court erred. This Court denied said motion, even though the Court still maintained jurisdiction. On 9/25/00, I pointed out this error to Mr. Hanson who was appointed to represent me on appeal. Counsel failed to bring this error to the reviewing Courts attention, thus affirming my conviction.

On 6/5/01, via Certified mail I petition the Eleventh Circuit for a rehearing based upon this and other omitted facts not presented upon direct. Respectfully, I point the reviewing court and you (see Judge Middlebrooks) to the Eleventh Circuit en banc decision in Bonner v. City of Prichard adopting as precedents decisions rendered in the Fifth Circuit prior to 1981, October 1st. I ask this Court most respectfully to look at, United States v. Ocanas 628 F.2d 353, 358 (5th Cir 1980), cert. denied 451 U.S. 954 (1981), which stated that "neither the defendant nor government is bound by plea agreement until its approved by the Court". I further point to U.S. v Washman 66, F 3d 210 (9th Cir 1995) and U.S. v Savage 978 at 1133 (9th Cir 1992) cert. denied, 113 S.Ct. 1613 (1993); U.S. v Hyde, 716 F 2d 1004, 1013 (9th Cir 1993) upholding the same principles.

As argued above I made this same claim to the district Court in my renewed motion to withdraw. I further ask learned counsel to bring this error to the reviewing Courts attention, my plea fell on "deaf ears and blind eyes". Counsel

have now seen it fit to abandon me.

Respectfully I ask this Court to either treat counsel to adopt my pro se motion for a rehearing, or appoint new counsel to plead my cause. Your Honor, your reputation precedes you (sic) as a fair and just judge, a fair reading of the case laws cited herein will clearly [show that I] should be allowed to withdraw my plea, and counsel was derelict for not bringing that issue to the reviewing Courts attention.

I plead to this Court, in reviewing innocent of this [Count] of manufactured came which have left my children without a father. I ask this Court to grant my pro se motion [herein].

The Court response expeditiously is appreciated as I will be transferred from this County Jail facility after 1/26/01.

Respectfully

Charles Hewyln
#60206-004
BCDF
20 Davidson Dr
Asheville, NC 28801