IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

01- 7261
CIV-MIDDLEBROOKS

MAGISTRATE
SORRENTINO

UNITED STATES OF AMERICA,

Plaintiff,

VS

Case No. 6022-CR-DMM

CHARLES LLEWYLN,

Defendant.

## MOTION TO DISMISS INDICTMENT UNDER
## FEDERAL RULES OF CRIMINAL PROCEDURE 12(B) (2)

**May** it please this Honorable Court **COMES,** Charles Llewyln, who respectfully submits this, his motion for relief seriatim to dismiss his indictment and vacate his conviction.

### JURISDICTION

This Court has jurisdiction to hear this motion under the Federal rules of Criminal Procedure 12(b)(2), and through this Circuit Case laws. FN1 **United States Vs. Tomeny** No. 97-3089

## HISTORY OF THE CASE

Movant, Charles Llewyln was indicted on January 20, 2000, by a grand jury sitting in the Southern District of Florida charging Movant and four others with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Section 846 (Count one); and with attempting to possess with the intent to distribute cocaine, also in violation of 21 U.S.C. Section 841 (Count two). Following a plea of guilty and denial of Movant pro se motions to withdraw his plea, Movant was convicted of 21 U.S.C. Section 841 being Count One of the indictment and a term of 110 months plus 3 years supervised release by the Honorable Donald M. Middlebrooks. Movant filed a timely appeal and the Appeals Court affirmed the district court decision not to withdraw Movant plea of guilty. Movant subsequently file a petition for rehearing. Thus this motion is in conformity with Fed.. R. Crim. P. Rule (12)(B)(2) as it is filed during the course of a criminal proceedings and as such is timely.

The Movant now moves this Honorable Court to dismiss his indictment based upon the indictment being defective and the reinterpretation of laws by the United States Supreme Court.

## ARGUMENT

Movant contends that the indictment in this matter is defective under the standard established by the **United States** Supreme Court in **Apprendi v New Jersey, 120 S.Ct 2348, 147 L.Ed. 2d 435 (June 26, 2000), United States V Jones, 526 U.S. 227 (1999),** and this circuit case laws United **States V Rogers, No. 99-15150, 2000 U.S. App. Lexis 24759; 14 Fla. Law. Fed. C23, overruling**

Hester and its progeny **FN2**. In light of the Supreme Court decision in **Apprendi** and **Jones** that any fact other than prior conviction must be charged in the indictment and this Circuit ruling that drug quantity is an element which must be charged in an indictment and proven beyond a reasonable doubt. Movant point to the fact that his indictment lacks and amount neither does it charge him with violating 21 U.S.C. Section 841 (b)(1) the statue which sets forth the penalty for 21 U.S.C. Section 841 (a)(1) & 846.

The movant directs the court's attention to the plain error Rule of the Federal Rules of Criminal Procedure 52(b) which states that, plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court FN3. The rationale for this doctrine is that the loss of fundamental rights outweighs the values behind rules insisting upon objections. See; **United States V Frady, 456 U.S. 152, 163 N14 (1982).** The plain error rule authorizes courts to correct on particularly egregious errors and as such should be used sparingly solely in those circumstances in which a miscarriage of justice would otherwise result. See; **Government of Virgin Island V CHARLES WELL, 24 F.3d 571, 576-77 (3rd. Cir.1994).** As the Movant asserted earlier that is indictment is defective as announced in **Apprendi** and **Jones.** The penalties must be listed in the indictment. As the Supreme Court has taught in its rulings in **Apprendi** and **Jones**, every element must be listed in the core elements of 21 U.S.C. Section 841 (b)(1) before a penalty may be imposed. The violations alleged in Movants indictment are merely the statue, hence its Movant position that this Court lacked sentence matter jurisdiction to hold Movant responsible for five (5) kilograms. It further contended that the Supreme Court decision in Apprendi states that element that increases the minimum or maximum sentence must be included to service notice on the defendant. Since there is no penalty for 841 (a)(1), and 846 is predicated upon the amount of drugs Movant points to the facts of those rulings in Jones and Apprendi it must be listed in the indictment to impose a sentence. An indictment s failure to charge an offense constitutes a jurisdictional defect. Movant states further because this error has occurred, he relies further on Rule 12 (c)(2) of the Federal Criminal Procedure to substantiate his claims that the court lacked subject matter jurisdiction may be raised at any time and is never waived. The Movant asserts that he has been deprived of his Fifth, Sixth and Fourteenth Amendment rights. The Sixth Amendment states that, The accused shall enjoy the right to be informed of the nature of the accusation against him. The indictment must set forth all the elements of the offense. **Hamlin v United States 418 U.S. 87 (1974)** and the government must prove beyond a reasonable doubt and every fact necessary to constitute the crime with which the defendant is charged. **In Re WINSHIP, 397 U.S. 368, 374 (1970). See also; RUSSELL v UNITED STATES, 369 U.S. 749 (1962).** The matter of jurisdiction may be raised at any time, because if a court lacks subject matter jurisdiction, it does not have power to hear the case. **Article III section 2 of the United States Constitution.** Federal

Courts are not courts of general jurisdiction, they only have the power that is authorized by Article III of the Constitution and the statues enacted by Congress pursuant thereto. See; e.g. **MARBURY v MADISON, 1 CRAUCH 137, 173-180, 2 L.Ed. 60 (1803)**, for that reason, every federal court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the subject matter of that jurisdiction. **Bender v Williamsport Area School Dist., 475 U.S. 534, 1986;** See also **Judice V Vail 430 U.S. 327, 331 (1977).** It is indisputable in Movant's indictment that the elements are missing FN4. Without the elements (drug quantity) and penalty being listed in the indictment, the government sought to penalize the Movant vicariously through unlawful acts not listed in his indictment. Respectfully Movant points the Court to the Supreme Court decision in **Fiore v White U.S., No. 98-942 (1.09.01)** in which the Court ruled petitioner was convicted in the absence of proof of one element of the crimeFN5. Clearly this extend to Movant's Sixth Amendment which confers a right " to be informed of the nature of the cause" of a criminal accusation. The charging document must therefore provide notice of the charges, adequate for preparation of the defense. See **United States v Jones 526 U.S. 227 (1999).** The Movant asserts to this court that his Due Process Rights have been violated. The rights that flow from the United States Constitution as written by the framers of our constitution. The rights of the people and by the people, guaranteed to all citizens and residents of the United States. Movant openly points out to the court that although his indictment is defective double jeopardy does not prevent retrial after reversal based on defective indictment as opposed to insufficiency of the evidence FN6.

  The Movant further asserts that the District Court Judge attempted to rewrite an already defective Indictment. The court attempted to and did do so, rewrote the statue of 21 U.S.C. Section 841 (B)(1)(C) into the petitioners Indictment as elements of the offense. The problems of proper notice remains a different "mens rea" is required by the elements of Section 841 (a) and Section 841 (b)(1)(c), combined than by Section 841 (a) alone. Thus, the charge in the Movant's Bill of Indictment is constitutionally defective as applied by the District Court in its proceedings. The Court cannot rewrite statues, even to make them constitutional. Even liberal construction of rule concerning statement of essential facts in Indictment, does not dispense with requirement that Indictment or each count thereof allege all essential elements of an offense, See, **U.S. V Huff, 512 F.2d.66 (1975).** Though allegations made in one count of indictment may be

incorporated by reference in another, each count must be regarded as if it were separate Indictment and must stand on its own content without dependerance for its validity on allegations of any other count not expressly incorporated. See, Federal Rules of Criminal Procedure 7(c), which states that the Indictment shall be a plain, concise and definite written statements of the essential facts constituting the offense charged. See also, **Dunn v United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932)**. Here, in Movant's case the challenged count's of the Indictment alleges nothing more than an act which is an Prohibited Act, and conspiracy to that Act, and such a failure to allege, the other elements, cannot be remedied by another standard of sub level proof FN7, by sentencing the Movant, and incorporating other sections of statute not expressly referred to in the challenged counts.

    A Grand Jury Indictment may be amended only by resubmission to the Grand Jury, unless the charge is merely a matter of form. Adding 21 U.S.C. Section 841 (B)(1)(C) to the petitioners Indictment, and sentencing him under that statute constitutes a constructive amendment. See, **Stirone v United States, 361, U.S. 212, 215-17, 80 s.ct. 270, 4 L.Ed. 2d 252 (1960); and Ex-Parte Bain, 121 US 1, 7, S.ct. 781, 30L.ed.849 (1887)**.

### IS 21 U.S.C. Section 841 (b)(1)(c) A STATUE

Black's Law Dictionary 7th Ed. (1999) p.1420, defines a Criminal Statue: **"A law that defines, classifies a set forth punishment for punishment for specific crimes; it also defines a penal statue; a law that defines an offense and prescribes its corresponding fine, penalty or punishment; it is also a law"**. So using this logic and definition 21 U.S.C. Section 841 (b) (1) (c) is a law and penal statue. If so, Movant violated Section 841 (b)(1)(c) and broke the law, the Movant should have been put on notice by way of indictment. The notion that an Indictment is a prerequisite to jurisdiction over a criminal case in federal courts is long existed **Ex-Parte Bain, 121 US 1,7,S.ct.781, 30 L.Ed. 849 (1887)**, "Indictment found by a GrandJury was indisputable to the power of the court to try the Movant for the crime with which he was charged" Id. At 121 U.S. at 12-13. For the pro-position "The Bain case& has never been disapproved& **Stirone v U.S., U.S. 218, 80 S.ct. 46.Ed.2d (1960)** " It has been a settled rule of law in U.S. courts that Amendment 5 of the US constitution that no person shall be held to answer for a capital or

otherwise infamous crime unless on a presentment or indictment of a Grand Jury . No court of the United States has the authority to try a prisoner without Indictment. **US v Krepper,159 F. zd. 958 (3rd Cir. 1946) (Quoting US Const. Amend.V).** Even stipulating to Grand Jury Indictment. **US v Prentiss, 206 F.3d 960, 976-77 (10th Cir.2000).** Ex-Parte Bain, which has never been disapproved stands for the rule that a court <u>cannot</u> permit a defendant to be tried on charges that are not in the Indictment against him...The Indictment limits the defendant's jeopardy to offenses charged by the **Grand Jury** thus the basic protection the Grand Jury was designed to afford is defeated by a device or method which subjects the defendant to prosecution for doing something which Grand Jury did not charge. **361 U.S. at 218 Stirone.**

The District Court does not have jurisdiction to try, convict or sentence a defendant for any offense other than the one charged in the Indictment. In other words the defendant cannot be held to answer for any offense not charged in an Indictment returned by a Grand Jury, US Const. Am. V.To hold otherwise would be in effect allow Judicial Amendment of the Grand Jury Indictment, this cannot be accomplished even with the defendant's consent. **Cosby v US, 339 F.2d 743(D.C. Cir 1964) (Citing Stirone and Bain). U.S. Spruill, 118 F.3d 221, 227 (4th Cir. 1997)** "It is well established that failure to recite an essential element of the offense in the indictment is not amendable to harmless error review." **U.S. v. Brown, 995 F.2d 1493, 1505(10th Cir. 1993).** "Failure of a Indictment to allege all of the essential elements of an offence...is a jurisdictional defect requiring dismissal." See, **US v. Pomponio, 517 F.2d.460 (4th Cir 1975); U.S. v Hayes, 775 F.2d 1279 (4th Cir. 1985); U.S. v Pupo, 841 F.2d 1235 (4th Cir. 988); U.S. v Daniels, 973 F.2d 272 (4th Cir. 1993); U.S.v Schmidt, 376 F.2d. 751, 55 (4th Cir. 1967).** The Indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted.

If this court rules that Section 841 (b)(1)(c) is not a statue and Movant had no right to be notified by way of Indictment and sentenced to Section 841 (b)(1)(c) when never charged. The District Court erred because Section 841 (b)(1)(c) plainly states: **"In the case of a controlled substance in schedule I or II or 1 Gram of flunitrazepam, except as provided in Subparagrapshs (A) (B)and (D)"** Black's Law Dictionary defines <u>except</u> as - "But for; only for; not included; other than; otherwise than; to leave out of account or consideration." So it is

**provided** for in Section 841 (b)(1)(a) that one must have detectable amount of 50 grams or more of cocaine base or 5 kilograms of powder to trigger Section 841 (b)(1)(A). It is further **provided** for in Section 841 (b)(1)(B) that one must have detectable amount of 5 grams or more of cocaine base or 500 grams or more of cocaine powder to trigger Section 841 (B) (1) (B). So, Section 841 (b)(1)(C) cannot be be a catch-all statue for an undetermined amount of cocaine or cocaine base as it is provided for in both Sections 841 (b)(1)(A) and 841 (b)(1)(B) a certain amount.

In sum, reading sub-sections (A), (B) and (C) in tandem with (D) all sub-parts encompass a catch-all for any amount of drugs, however no one in particular ...standing alone..calls for an **undetectable/unspecified** amount of controlled substance in I or II notwithstanding any mandatory minimums. The minimum mandatory function-- is to accomplish a mandatory minimum based on a threshold quantity of drugs establish by legislature when determining penalties for the aforementioned crimes. The fact that sub-section (C) fails to establish a minimum within its range, does not mean it devoid of drug amount. As evidenced by the careful reading of sub-section (C). The District Court erred in sentencing Movant to 110 months, using a preponderance of the evidence standard under 841 (b)(1)(C) because it was not charged in the Indictment. Movant humbly and respectfully submits that he has been denied Due Process of Law and the Equal Protections of the law in as much his Fifth, Sixth and Fourteenth Amendment was so violated and as pointed out earlier double jeopardy clause does not preclude retrial for dismissal of defective Indictment. Pursuant to **Haines v Kerner, Supra, the Movant** humbly request that this motion be construed liberally.

FN1. Although an unconditional plea does waive non-jurisdictional defects in the proceedings against defendant, See **U.S. v Fairchild, 803 F.2d 1121 1124 (11th Cir. 1986),** it does not waive jurisdictional defects, See U.S. v **Meacham, 626 F.2d 503, 510 (5th Cir.1980)**

FN2. Precedent in the 11th Circuit prior to Movant indictment dictates that drug quantity need not be charged in the indictment.
or proven to a jury beyond a reasonable doubt. See **Hester v United States, 199 F. 3d, 1287, 1292 (11th Cir.2000) Cert. Granted.(2000)** overruled by Rogers NO.99-15150 to hold drug quantity must be included in an indictment.

FN.3 To secure reversal under this standard Movant must prove there was "error", (2) "error was" plain, and (3) that error affected "substantial rights" **United States v Olano, 507 U.S. 725, 732, 113S. Ct. 1770, 223 L. Ed. 2d. 508 (1993).** Post Apprendi; Government inserted in their plea agreements Apprendi waivers conceding that indictments were defective for not listing amount of drugs. It is equally clear the standard the district court used a "preponderance of the evidence" implicates the accused right to due process under the Fifth Amendment and right to jury trial under the Sixth. Movant objected to the attributable amount he was held responsible for.

FN.4 See Indictment return on January 20, 2000.

FN.5 In **Fiore v White, U.S. No 98-942 (1/09/01)** the Supreme Court citing **Jackson v Virginia, 443 U.S. 307 (1979)** and In re **Winship, 397 U.S. 358 (1970)** for the proposition that the "Due process clause of the Fourteenth Amendment forbids a State to convict a person without proving the elements of that crime beyond a reasonable doubt."

FN.6 **United States v Downer, 143 F.3d 819 at 823 (1998 4th Cir)** held "double jeopardy clause does not prevent retrial after reversal based on defective indictment as opposed to insufficiency of the evidence." **(Citing United States v Akpi, 26 F.3d 24, 26 (4th Cir. 1994).United States v Caberra - Teran, 168 F.3d 141, 147 (5th Cir. 1999)(Same); United States v Pedigo, 12 3d. 618, 631-32 (7th Cir. 1993) (Same)**

FN.7 The **Russell** Court ultimately held that the omission from the indictment of the facts constituting the "core of criminality" of the statue was both prejudicial and violative of the defendant's constitutional rights. The Court reasoned that "to allow the prosecutor, or the Court to make a subsequent guess as to what was in the mind of the grand jury at the time they returned the indictment would deprive the defendant of the basic protection which the guranty of the intervention of a grand jury was designed to secure." **(Russell v United States, 369 U.S. 749 (1962)** Id. (* It should be pointed out Agent Barnick testified to the grand jury that he recovered one kilogram of cocaine from my co-defendants of which was later proved to be a lie) See

laboratory report.

## PRAYER

These facts are not Movant respectfully moves this Honorable Court to grant relief as sought herein or any relief deem just and proper to alleviate this eviatum and miscarriage of justice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was sent via U.S. mail to Hon. Judge Donald M. Middlebrooks, Clerk of court (Clarence Maddox) and AUSA ROGER STEFFIN this day ~~June~~ July 16, 2001.

Respectfully,

Charles Llewyln

Fed. Reg. # 60206-004