00-6022 CR

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6022-CR-MIDDLEBROOKS
01-7261-CIV-Middlebrooks/Sorrentino

UNITED STATES OF AMERICA,
      Plaintiff,

v.

CHARLES LEWYER,
      Defendant.



RESPONSE TO GOVERNMENT'S RESPONSE OPPOSING DISMISSAL OF DEFECTIVE INDICTMENT

1. Federal Rules of Criminal Procedure Rule 12(b)(2) as pointed out in Defendant's argument that a subject matter jurisdiction may be raised at any time and is never waived. United States v Tommy (6/24/98, No. 97-3050) (11th Cir.)

2. The Supreme Court in Illinois v Somerville, 410 US 458, 35 L.ed 2d 425, 93 S.Ct. 1006 (1973) held, "Since the defect in the indictment was not curable by amendment, could not be waived by the defendant's failure to object, and could be asserted on appeal or in post conviction proceedings to overturn a final judgment of conviction. (Opinion by REHNQUIST, J.)

3. In United States v Italiano 837 F.2d 1480 (C.A. 11 Cir. (Fl.) 1988) sole issue is whether district court erred by denying Italiano's motion to dismiss the indictment on the grounds of failure to allege County or state was deprived of property or money.

248
mg

SCANNED

3. The Supreme Court has held, Fiore v. White, U.S. No. 98-942 (1/01/00), that in a state proceeding, the petitioner was convicted in absence of proof of one of the elements of the crime, the lack of permit.

4. "A grand jury indictment must set forth each essential element of an offense in order for a resulting conviction to stand." United States v. Outler, 659 F.2d 1306 (11th Cir. 1981) (citing Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed. 2d (1962). As the eleventh circuit stated in Outler, "(a) grand jury can perform its function of determining probable cause and returning a true bill only if all elements are contained in the indictment." Outler, 659 F.2d at 1310.

5. To allow a prosecutor or the court to make a subsequent guess as to what was in the mind of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted of facts not found by, and perhaps not even presented to the grand jury which indicted him. Russell, 369 U.S. at 770, 82 S.Ct. at 1050 accord Outler, 659 F.2d at 1310.

6. A constructive amendment is a fatal error because the indictment is altered to change the elements of the offense charged such that the defendant is actually convicted of a

crime other than that charged in the indictment

7. Section 844 by its own statutory language creates three offenses with three distinct penalties. By sentencing Defendant to 844(h)(3) constructively amended the indictment

8. A Constructive amendment violates the Fifth Amendment rights to be indicted by a grand jury, is error per se and must be corrected even when defendant did not object.

9. A defective indictment can not bypass the double jeopardy clause, therefore there is no bar defendant could not be re-prosecuted

10. The Defendant did object to the Courts insertion of "knowingly" the missing element in his indictment.

11. See Bell v. United States, 140 F.2d 1518, 55 L.Ed. 377, 11 S.Ct. 551 (1891) The Supreme Court reversed the convictions on the ground that the indictment was totally deficient for failing to allege the victim died within a year and a day.

12. Defendant cannot waive jurisdictional defect in the indictment as a matter of law. Illinois v Somerville, 410 U.S. 458, 464 93 S.Ct. 1066, 1070, 35 L.Ed. 2d 425 (1973).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true copy of the foregoing was mailed to Roger Stefin, AUSA, who is my attorney of record in the above case, this day July 23, 2001.

Respectfully,

Charles Albright

cc/. Clerk of Court, Lauren Dickson
     Roger Stefin, AUSA