UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-7261-CIV-MIDDLEBROOKS
(00-6022-CR-MIDDLEBROOKS)
MAGISTRATE JUDGE SORRENTINO

CHARLES LLEWYLN, :

    Movant, :

v. : REPORT OF
    MAGISTRATE JUDGE
UNITED STATES OF AMERICA, :

    Respondent. :



FILED by ___ D.C.
MAG. SEC.

AUG 0 8 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

    Charles Llewyln filed a pro se motion to dismiss indictment under Federal Rules of Criminal Procedure 12(B)(2), which was docketed as a motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a guilty plea in Case No. 00-6022-Cr-Middlebrooks.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    For its review of this motion, the Court has the government's response to the motion (Crim. DE# 20) and the underlying criminal file.

Llewyln seeks dismissal of the Indictment pursuant to Fed.R.Crim.P. 12(b)(2), and argues that the Indictment is defective under the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the Indictment fails to include the amount of drugs involved in his offense and fails to include the penalty section for his offense.

Llewyln was charged by Indictment with conspiracy to possess with intent to distribute a detectable amount of cocaine (Count 1) and attempted possession with intent to distribute cocaine (Count 2). (DE# 28). He pleaded guilty to Count 1, and Count 2 was subsequently dismissed. The Court sentenced him to 110 months imprisonment, followed by three years of supervised release. (DE# 168). His conviction was affirmed per curiam in an opinion filed on May 25, 2001. This motion to dismiss was filed less than two months later on July 16, 2001.

The government has responded that the motion is untimely under Fed.R.Crim.P. 12(b)(2) and also without merit.

Fed.R.Crim.P. 12(b)(2) provides that pretrial motions challenging the sufficiency of the Indictment must be filed prior to trial. Llewyln filed this motion after his conviction had been affirmed on appeal, and it is not timely.

If Llewyln intends to challenge his conviction and sentence in collateral proceedings, he may file a motion to vacate pursuant to 28 U.S.C. §2255. He is cautioned that when the Indictment fails to charge a drug quantity, the sentence is controlled by 21 U.S.C. §841(b)(1)(C), which provides the punishment for conviction for an undetermined amount of cocaine. United States v. Shepard, 235 F.3d 1295 (11 Cir. 2000); Rogers, supra, at 1328. Section 841(b)(1)(C) provides for punishment of not more than twenty years (or 240 months). Id.[1] Llewyln was sentenced to 110 months imprisonment, which is less than the statutory maximum for an undetermined amount of cocaine.

It is therefore recommended that this motion to dismiss the Indictment under Federal Rules of Criminal Procedure 12(b)(2) be dismissed, because it was not timely filed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: August 8, 2001

/s/ Charlene H. Sorrentino
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 21 U.S.C. §963 provides that any person who conspires to commit any offense defined in Title 21 shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the conspiracy.

cc: Charles Llewyln, <u>Pro Se</u>
Reg. No. 60206-004
BCDF
20 Davidson Drive
Ashville, NC 28801

Roger H. Stefin
Assistant United States Attorney
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394