UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHARLES LLEWLYN,
    Movant,

V                                 CASE No. 01-7261-CIV-DMM

UNITED STATES OF AMERICA,
    Respondent.
_____/

## MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 59 and 60 (b)(1).

COMES NOW, CHARLES LLEWLYN, **PRO SE**, respectfully Move this Honorable Court for reconsideration of this Court **sua sponte** Administrative Order in the above caption matter in favor of the United States, pursuant to **FRCP Rule 59 & 60(b)(1)**. Furthermore in support of this his motion, it will be clearly seen that Movant is not skill in the application and procedure of law and respectfully pray this court construe this motion liberally pursuant to the United States Supreme Court's ruling in **Haines v Kerner, 404 U.S. 519 (1972)**.

### AFFIDAVIT IN SUPPORT

Movant herein swears under penalty of perjury **28 U.S.C §1746**, that this affidavit is not intended to perpetuate a fraud upon the Court but to be afforded due process under law.

(1) That on July 26, 2001, Movant submitted two letters to be mailed to AUSA Roger Steffin and to this Court, addressing the Goverment response to Movant's motion to dismiss.
(2) That said letters were given to a Sargeant at the Buncombe County facility to be deposited for mail.
(3) That in the missive to court Movant clearly stated that he would be intransit and he had no idea where he was headed, and as soon as he ascertain his destination he would so inform the parties.
(4) That Movant expressly stated that if in the event the Court rule against movant he would ask the court for appointment of counsel to appeal to the Eleventh Circuit Court of Appeals.

(5) That on July 26, 2001 Judge Lacy Thornburg sentence movant to a consecutive term of 360 months.
(6) That on July 30,2001, movant was removed from the Buncombe County Detention Facility by the U.S. Marshalls and deposited in Burke-Catawba Jail.
(7) That on or about August 12, 2001 movant herein submitted a letter address to this Court (Miami Division) emphaticaly stating that movant was still in transit and again ask for an attorney to appeal any adverse ruling by this court.
(8) That movant was again moved by the U.S. Marshalls to the Charlotte Mecklenburg County Jail date uncertain.
(9) That on September 18, 2001, movant herein was removed by the Bureau of Prison Tranportation unit and deposited in Atlanta Pennitentary.
(10) That on September 28, 2001, movant was again transported to the Federal Detention Center in Tallahassee Florida, at which time an envelope containing a copy of the letter to this court was taken from me.
(11) That on October 25,2001, movant visited the R&D department at the Jesup FCI to obtain his property, movant was only given his property that was transported from Tallahassee.
(12) That even upon receipt of this courts Order, Movant has yet to receive a copy of the magistrate judge recommendation.
(13) That the only motion receive by this movant is the Government response to his motion to dismiss, claiming I waive the jurisdictional defects by pleading guilty.
(14) That pleading guilty does not waive a defendants right to indictment from Grand Jury nor jurisdictional defects. See, **United States v Meacham, 626 F.2d 503, 510 (5th Cir. 1980).**

### SUMMARY

The Movant herein was always under the jurisdiction of the United States, hence his where abouts were known at all times. FRCP Rule 60(b)(1) clearly give this court jurisdiction to relieve a party from an adverse judgement for excusable neglect, furthermore in movant motion to dismiss movant clearly invoke the court to interpret his motion liberally in accordance with Haines v Kerner, supra, as movant was but a layman at law and although movant did submit letters to this court apprising it of his intransit status, in all fairness the court should have and could have and should have construed said

said letters as a motion to **stay the proceedings.** It clearly was not the neglect of this movant that he did not receive the magistrate findings and as pointed out earlier movant is as yet to receive such documents. To force a defendant to absorb such punitive actions because he was not in aposition to traverse through no fault of his, is a harsh remedy. This movant continues to be adversly affected by this ruling in that he has been subjected to a 360 months consecutive sentence, his court appointed attorney has failed to bring to the Appellate Court all of this movant issues properly preserve in the trial court, this movant continues to maintain his innocence of this egregious Government manufactured crime.

In all fundamental fairness this Court should allow the movant to traverse the Magistrate findings due to **bona fide** excusable negligence, and order the Clerk to submit a copy of the Magistrate findings.

### CERTIFICATION OF SERVICE

I **CHARLES LLEWLYN, Movant** herein appearing **pro se**, hereby certify I have submitted two copies to the Clerk of Court, West Palm Beach Division , and would respectfully ask that a filed copy be served on Mr Roger Steffin, AUSA. **Executed on 10/26/01.**


Clerk of Court
**UNITED STATES DISTRICT COURT**
**WEST PALM BEACH FLORIDA**


Respectfully submitted,

CHARLES LLEWLYN, Pro se
Reg.# 60206-004
Federal Correctional Institution
2600 Highway 301 South
Jesup, Georgia 31599

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case NO. 01-7261-CIV-MIDDLEBROOKS

CHARLES LLEWYLN,
    Movant,
v
UNITED STATES OF AMERICA,
    Respondent
_____/

NOTICE OF INTENT TO APPEAL.

**COMES NOW, CHARLES LLEWYLN, PRO SE,** into Court and respectfully move this Honorable Court pursuant to Fed. R. App. Pr. Rule 4(a) and hereby give notice of his intent to appeal Administrative Order rendered by this Court on 19th day of October, notwithstanding Movant herein has file a motion for reconsideration , upon said acceptance of said prayer this motion would be moot. In the event said prayer is denied this Notice of Appeal is invoked by Movant. Further more as this Court has already determine this movant to be indigent, Movant respectfully ask that counsel be provided to perfect this appeal to the Eleventh Circuit Court of Appeals.

CERTIFICATE OF SERVICE.

I Charles Llewyln, federal prisoner # 60206-004, Hereby swear under penalty of perjury, two copies of the foregoing instrument was submitted for mail with adequate postage to the:

Clerk of Court,
United States district Court,
701 Clematis Street
West Palm Beach, Fl 33701

Executed 10/26/01

Respectfully Submitted
Charles Llewyln
2680 Highway 301.S
Iesup. GA 31599



UNITED STATES GOVERNMENT
# MEMORANDUM
FEDERAL CORRECTIONAL INSTITUTION
JESUP, GEORGIA

**DATE:** October 26, 2001

**FROM:** R.J. Courson, Case Manager

**SUBJECT:** LLEWLYN, Charles    Reg. No. 60206-004

**TO:** All Concerned

Inmate LLEWLYN's record was reviewed at his request concerning his in transit status. It was determined he was in transit from 09-18-2001 through 10-12-2001. During this time he was either on a transfer bus or in an Administrative Detention status in which he could only be allowed little or no access to his property or legal material.