UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6022CR DMM ~~01-7261~~-CIV-MIDDLEBROOKS

CHARLES LLEWYLN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

FILED by _____ D.C.

FEB 19 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON MOTION FOR RECONSIDERATION

    THIS CAUSE comes before the Court upon movant Charles Llewyln's ("Llewyln") Motion for Reconsideration, filed February 6, 2002 (DE#16). The Court has reviewed the record and is advised in the premises.

    In this motion, Llewyln asks the Court to reconsider its January 16, 2002 Order on Notice of Appeal, wherein the Court construed the Notice as a motion for a Certificate of Appealability ("COA") under 28 U.S.C. § 2253 and then denied it as such. A petitioner requires a COA in order to appeal a final order in a habeas corpus proceeding, and in order to obtain this, the petitioner needs to make a substantial showing of the denial of a constitutional right. Llewyln points out that in initiating the instant action, he had filed a motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2). This action was docketed, however, as one arising pursuant to 28 U.S.C. § 2255. In Magistrate Judge Sorrentino's August 8, 2001 Report (DE#4), adopted by this Court in its September 4, 2001 Final Judgment (DE#5), it was determined that Llewyln's motion to dismiss the indictment, filed after his conviction had been affirmed on appeal, was untimely. This was not based on habeas corpus law, but on the law embodied by Federal Rule of Criminal Procedure 12(b)(2). Further, in her Report, Magistrate Judge Sorrentino gave Llewyln specific guidance on issues he would face if he were subsequently to assert this claim in a § 2255 habeas petition.

    In sum, this is not a habeas action, and Llewyln does not in fact require a COA in order to



proceed with an appeal. Further, the Court is cognizant of the recognized difficulties posed by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (and in particular, the "second or successive petition" limitations) where a district court *sua sponte* construes a motion made pursuant to, for example, Rule 12 of the Federal Rules of Criminal Procedure, as a habeas petition. Llewyln would possibly face these procedural hurdles were this Court at the last minute to convert his Rule 12(b)(2) motion into a habeas petition. The Eleventh Circuit very recently joined with the First, Second, Third, Seventh, Ninth, and Tenth Circuits[1] in endorsing certain requirements a district court must follow in giving notice to a movant before a district court converts a given motion into one made pursuant to 28 U.S.C. §§ 2254 or 2255. *See Castro v. United States*, – F.3d – (11th Cir. Jan. 2, 2002). The court noted that "a court's act of conversion which we approved under pre-AEDPA law because it was useful and harmless might, under AEDPA's new law, become extraordinarily harmful to a prisoner's rights." *Id.* at – (quoting *Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam).

Therefore, this Court's Order on Notice of Appeal, wherein the Court reconstrued the Notice as asking for a COA, was entered in error. Accordingly, it is hereby

ORDERED AND ADJUDGED that Llewyln's Motion for Reconsideration is GRANTED. Further, this Court's Order on Notice of Appeal (DE#15) is VACATED.

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this 19 day of February 2002.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: counsel of record
    Charles Llewyln, *pro se*
        Jessup FCI
        2680 Highway 301 South
        Jessup, Georgia 31546

---

[1] These cases are: *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001); *United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000); *United States v. Seesing*, 234 F.3d 456 (9th Cir. 2000); *Raineri v. United States*, 233 F.3d 96 (1st Cir. 2000); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998) (per curiam).