UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6022 CR-DMM
~~01-7261-CIV~~-MIDDLEBROOKS

CHARLES LLEWYLN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

FILED by ___ D.C.

APR 0 2 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## **ORDER OF CLARIFICATION**

THIS CAUSE comes before the Court upon a *sua sponte* review of the record. On July 26, 2001, the movant in this action, Charles Llewyln ("Llewyln") originally filed a Motion to Dismiss the Indictment under Federal Rule of Criminal Procedure 12(b)(2) (DE#1). This motion, which should have been docketed in the original criminal action, 00-CR-6022-CR-MIDDLEBROOKS, was docketed as a habeas action under 28 U.S.C. § 2255. However, in the August 8, 2001 Report and Recommendation ("R&R") of Magistrate Judge Charlene Sorrentino, she recognized that the motion to dismiss the indictment had been docketed as a habeas action, *see* R&R at 1, but went on to recommend that the motion be denied as untimely pursuant to the Federal Rules of Criminal Procedure. Magistrate Judge Sorrentino explicitly recognized that Llewyln did *not* bring this action under the habeas corpus provisions, noting that "[i]f Llewyln intends to challenge his conviction and sentence in collateral proceedings, he may file a motion to vacate pursuant to 28 U.S.C. § 2255." R&R at 3. On September 4, 2001, not having received any objections to the R&R from Llewyln, the Court adopted the R&R and dismissed the motion to dismiss as time-barred. On December 5, 2001, Llewyln filed a Notice of Appeal, which in an Order dated January 16, 2002, this Court construed as a Petition for Certificate of Appealability ("COA"), due to the case being docketed as a habeas action, and denied. On February 6, 2002, Llewyln moved for reconsideration of the Order denying the COA, which the Court granted on February 19, 2002. To construe Llewyln's Notice of Appeal as a Petition for a COA would mean that Llewyln would run into the substantial obstacles

presented by 28 U.S.C. § 2244 as that provision pertains to "second or successive" habeas petitions. Because the original action was a motion to dismiss the indictment, and not a habeas petition, the Court agreed that Llewyln did not need a COA to appeal, and vacated the January 16, 2002, Order. Accordingly, some clarification is needed in this action:

This case is not a habeas action brought under 28 U.S.C. § 2255, despite having been docketed as such. The original motion did not style it as such, nor did Magistrate Judge Sorrentino treat it as such. The motion originally should have been filed in the underlying criminal action; Llewyln should not bear the onerous consequences of it not having been so docketed. As Magistrate Judge Sorrentino stated in her R&R, if Llewyln chooses to do so, he may attempt to challenge his conviction in a collateral habeas action. The Court makes no judgment as to the validity or timeliness of such a challenge.

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this 2 day of April 2002.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: The Honorable Charlene Sorrentino
    Roger H. Stefin, AUSA
    Charles Llewyln, *pro se*
        Jessup FCI
        2680 Highway 301 South
        Jessup, Georgia 31546