# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

December 26, 2002

Clarence  Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami  FL  33128



FILED by ___ D.C.
RECORDS

JAN 0 2 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

RE: 01-16985-FF      USA v. Charles Llewyln
DC DKT NO.:  00-06022 CR-DMM

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: four volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, <u>but not a copy of the court's opinion or Rule 36-1 decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
## For the Eleventh Circuit

No. 01-16985

District Court Docket No.
00-06022-CR-DMM

> FILED
> U.S. COURT OF APPEALS
> ELEVENTH CIRCUIT
>
> Sep 16, 2002
>
> THOMAS K. KAHN
> CLERK

UNITED STATES OF AMERICA,

               Plaintiff-Appellee.

versus

CHARLES LLEWYLN,

           Defendant-Appellant.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By _____
Deputy Clerk
Atlanta, Georgia

----

Appeal from the United States District Court
for the Southern District of Florida

----

JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

           Entered:    September 16, 2002
    For the Court:    Thomas K. Kahn, Clerk
             By:    Meoli, Anthony



ISSUED AS MANDATE
DEC 2 6 2002
U.S. COURT OF APPEALS
ATLANTA, GA

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 16 2002

THOMAS K. KAHN
CLERK

No. 01-16985
Non-Argument Calendar

D.C. Docket No. 00-06022-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES LLEWYLN,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(September 16, 2002)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Charles Llewyln appeals the district court's denial of his motion, filed

pursuant to Fed.R.Civ.P. 60(b), to reconsider its order dismissing his motion to

dismiss the indictment, pursuant to Fed.R.Crim.P. 12(b)(2). Although Llewyln's

Rule 60(b) motion expressly sought relief from the administrative order that closed the criminal case, the district court construed it as a motion to reconsider its dismissal of his Rule 12(b)(2) motion. On appeal, Llewyln argues the merits of his failed Rule 12(b)(2) motion, but neglects to address the district court's denial of his Rule 60(b) motion. Construing his brief liberally, Llewyln contends that his constitutional objection to the indictment's failure to include drug quantity and penalty was not waived by his tentative guilty plea because it questioned the district court's jurisdiction, which is an issue that may be raised at any time. Llewyln notes that his objection to the indictment was preserved on appeal because he first objected in a letter motion before the district court adjudicated him guilty and sentenced him. Llewyln claims that this Circuit's caselaw allows for a Rule 12(b)(2) motion to be filed after sentencing, arguing that a defendant should not be forced to argue effectively that the government undercharged him.

As a preliminary matter, although a motion for reconsideration of a district court order in a criminal case is not explicitly authorized by the Federal Rules of Criminal Procedure, the Supreme Court has held that timely filing of such a motion tolls the time for filing a notice of appeal and the time begins to run anew upon the disposition of the motion. United States v. Dieter, 429 U.S. 6, 8-9, 97 S.Ct. 18, 19-20, 50 L.Ed.2d 8 (1976). Therefore, a criminal defendant has 10 days

2

in which to file a motion for reconsideration of a final judgment or other order to toll the time period by which he must file an appeal of that judgment or order. United States v. Vicaria, 963 F.2d 1412, 1414-15 (11th Cir.), cert. denied, 506 U.S. 998 (1992).

Llewyln filed the instant Rule 60(b) motion to reconsider on November 5, 2001, after the district court issued its order closing his criminal case and dismissing his Rule 12(b)(2) motion on October 19, 2001. (See R1-252, 253). Because Llewyln filed his Rule 60(b) motion more than 10 days after the court dismissed his Rule 12(b)(2) motion, it did not toll the period by which he could appeal that dismissal. See Vicaria, 963 F.2d at 1414-15. Consequently, the only matter before us is the review of the court's denial of Llewyln's Rule 60(b) motion to reconsider. As to that issue, we find no reversible error after reviewing the pleadings, and considering the parties' briefs.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

3