UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,      :
        Plaintiff,     :
  -versus-     :
                           :   CASE NO. 00-6022-CR-DMM
CHARLES M. LLEWLYN, et al.,     :
       Defendant(s)     :
                         :
                         :

## MOTION TO MODIFY SENTENCE

NOW COMES Charles M. Llewlyn ("Defendant") appearing in proper person, pro se, respectfully move this Honorable Court pursuant to Title 18 U.S.C. §3582(c)(1)(B) to Modify his sentence imposed by this Court. In support thereof Defendant states as follows:

### JURISDICTION

"[t]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." **Title 18 U.S.C. §3582(c)(1)(B)**

### PROCEDURAL HISTORY

In the case <u>sub judice</u> a federal grand jury allegedly returned[2] an indictment against the Defendant and four (4) others charging them with violations of the federal narcotics laws. Pursuant to a negotiated plea agreement entered May 11, 2000, the Defendant

---

[2] The record does not indicate that the indictment was returned in open Court to a Magistrate Judge as required by F.R.C.P. 6(f).

entered a tentative plea of guilt to Count One (Cr-DE#97). In exchange, the Government agreed to dismiss Count Two at sentencing, and further agreed to recommend a reduction in sentence on the Defendant's timely acceptance of responsibility. (Id.)

Pursuant to defense counsel's request, the Court withheld adjudication of guilt pending resolution of Defendant's motion to transfer a case from the Western District of North Carolina. The Government had no objection. (Cr-DE#200 at 16).

On September 6, 2000, Defendant appeared for sentencing (Cr-DE#201). The sentencing proceeding was aborted so that information pertaining to Defendant's status as a career offender could be obtained.(Id. at 21-22). This prove to be negative.

Although the record suggest that Defendant filed two pro se motions to withdraw his guilty plea on September 27, 2000, (Cr-DE#164, 165) these motions were submitted prior to September 27, 2000. In both motions the Defendant argued that his plea was not knowing and voluntary and that the indictment was legally insufficient and hence defective pursuant to Apprendi v New Jersey, 530 U.S. 466 (2000), and as the Court had not yet adjudicated him guilty his tentative plea should be vacated. Again during sentencing on September 27, 2000, Defendant renewed his request to withdraw his guilty plea. (Cr-DE#202 at 11-13, 17).

The Court over the Defendant's objections denied his motion to withdraw his guilty plea. Over Defendant's objection the Court found based upon the preponderance of the evidence that Defendant was responsible for 5 kilograms of cocaine when such facts were never charged in his indictment nor admitted to by the Defendant. The Court then imposed a[n] exceptional sentence of one hundred

2

and ten months, followed by three years of supervised release, and a $100.00 special assessment.(Cr DE#108; Cr DE#201 at 12-15; Cr-DE#202 at 15-16).

### ARGUMENT AND CITATION TO AUTHORITIES

Approximately four(4) months before the Defendant was adjudicated guilty, the Supreme Court decided the seminal case of <u>Apprendi v New Jersey</u>, <u>supra</u>; where the Court held that any factor which increases the statutory maximum penalty for an offense must be charged and proven beyond a reasonable doubt.

Based on the aforementioned, Defendant through counsel filed objections to the PSI determination of 5 kilograms of cocaine arguing inter alia that because drug quantity was not charged in the indictment nor did Petitioner admit to a[n] amount the base offense level was 12. Simultaneously, the Defendant filed two pro se motions seeking to withdraw his plea as the indictment was legally insufficient as it failed to give him notice of the charge and hence was defective. The district court denied these challenges.

After sentence was imposed Defendant through counsel objected to the Court setting the quantity at five kilograms of cocaine as his reasonably foreseeable amount and renewed Defendant's request to withdraw his plea and proceed to trial.

The application of the Sentencing Reform Act of 1984 that make the Guidelines enhancements mandatory, were unconstitutionally applied to the Defendant heren. Consequently, the district court finding of fact (5 kilograms) when such facts were never alleged in the Defendant's indictment violated the Defendant's Sixth

2

Amendment rights to jury trial.

Enters <u>Blakely</u>. In Blakely v Washington, 542 U.S.\_\_\_\_\_, (2004) the United States Supreme Court revisited the rule in <u>Apprendi</u>, <u>supra</u>, which held that "[o]ther that the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." <u>Blakely,</u> No. 02-1632, slip op. at 5. The court sonsidered whether the sentencing procedure followed by courts in the State of Washington deprived Blakely of his "federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence. <u>Id.</u> at 4. The state sentencing guidelines scheme under which Blakely was sentenced permitted sentencing judges to depart upward from a "standard" sentencing range if the judge found "substantial and compelling reasons justifying exceptional sentence." <u>Id.</u> at 3 (citing Wash. Rev. Code Ann. § 9.94A.120(2)).

Blakely, having been charged with kidnapping his estranged wife, pleaded guilty tosecond-degree kidnapping, a Class B felony under Washington law that carried a ten-year statutory maximum sentence. Id. at 2 (citing Wash. Rev. Code Ann. §§ 9A.20.21(1)(b). Washington's Sentencing reform Act, however, specified a "standard rane" of 49 to 53 months for Blakely's offense of second-degree kidnapping with a firearm. Id. (citations omitted). At sentencing, the court rejected this standard of range and imposed an "exceptional sentence" of 90 months' imprisonment on the ground that Blakely had acted with "deliberate cruelty," a statutorily enumerated ground for departure in domestic violence cases. <u>Id</u> at 3 (citing Wash. Rev. Code Ann, § 9.94A.390(2)(h)(iii). Blakely objected

to the trial court's sentencing procedure, and, in response, the court held a three-day bench hearing featuring testimony from numerous witnesses. Id. at 4, After the hearing, the court issued 32 findings of fact, ultimately reaffirming its original decision to impose the 90-month enhanced sentence. Id.

On appeal, Blakely argued that the sentencing procedure deprive him of his right to have a jury determined beyond a reasonable doubt all facts essential to his sentence. Id. The state appellate courts rejected Blakely's argument and affirmed, Id. at 4-5. On certiorari review, the United States Supreme Court reversed in a 5-4 decision, holding that Blakely's enhanced sentence violate Apprendi. Id. at 9. Notably, the Court rejected the state's argument that Blakely's case was distinguishable from Apprendi because his 90-month sentence did not exceed the 10-year statutory maximum for Class B felonies, explaining that

> [o]ur precedents make clear ... that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendnat. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Id. at 7 (emphasis in original)(citations omitted). In a footnote, the Court stressed that "[t]he Federal Sentencing Guidleines are not before us, and we express no opinion on them." Id. at 9 n.9.

Enters Booker and Fan-Fan. The United States squarely presented the question to the Court as to whether an application of the Federal Sentencing Guidelines violated the Sixth Amendment. The Supreme Court held that the Sixth Amendment as construed in Blakely does apply to the federal Sentencing Guidelines. Specifically, the court said, "[a]ccordingly we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Slip op. at 20, Booker.

Applying the principles of Jones, and Apprendi to the instant case the requirements of the Sixth Amendment were clear. In short, the constitutional principles underlying the Defendant's claim was the existing law of the land at the time of Petitioner's conviction, conversely before his conviction became final. As such, the district court in finding base on the preponderance of the evidence that the Defendant was responsible for 5 kilograms of cocaine when such facts were never charged nor admitted by the Defendant violated his Sixth Amendment rights.

Moreover, Defendant objected to the Court making these findings based on the preponderance of the evidence standard. In light of the Court imposing a sentence above the statutory maximum, pursuant to this Courts statutory authority the Defendant's sentence should be so Modified to reflect his true base offense level of 12 accordingly to the settled law of the land at the time of his conviction.

As implied by the courts ruling in <u>Booker</u>, a sentence that relied in such an enhancement (drug quantity) if the resulting sentence is outside the range authorized by the plea or jury verdict such sentence imposed pursuant to the Guidelines would be invalidated. Slip op. at 15, <u>Booker</u>.

Wherefore, premises being considered Defendant's sentence should be so Modified as the issue of retroactivity is not even a concern here and the defendant's objections were properly preserved.

Respectfully submitted,

_____
Charles M. Llewlyn
USM#60206-004
Jesup FCI
2680 Hi-way 301 South
Jesup, GA 31599

Executed this 25th day of January, 2005.

Certificate of Service

I the undersigned hereby declare under penalty of perjury that a true and correct copy of the foregoing instrument was deposited affixed with adequate postage to effectuate delivery to AUSA Roger Steffin, 500 E. Broward Boulevard, Ft. Lauderdale, Fl 33301. This day 25th, January, 2005.

Respectfully submitted,

_____
Charles M. Llewlyn
USM#60206-004