UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,　　　　　　*

　　　　　　Plaintiff,　　　　　　　　*

　　　　　　　　　　　　　　　　　　　*

　-versus-　　　　　　　　　　　　　　*　　CASE NO. 00-6022-CR-DMM

　　　　　　　　　　　　　　　　　　　*

CHARLES M. LLEWLYN,　　　　　　　　　*

　　　　　　Defendant.　　　　　　　　*

　　　　　　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　　　　*

## NUNC PRO TUNC MOTION TO DISMISS INDICTMENT
## PURSUANT TO FED. R. CRIM. P. 6(f) & 12(b) Et. Seq.

   **AND NOW COMES** the Defendant Charles M. Llewlyn, **sui juris**, and, move the Court for an Order, pursuant to Federal Rules of Criminal Procedure Rule 6(f) and 12(b) et seq., dismissing Count I of the indictment. In support of this motion the defendant states as follows:

1. The indictment was never returned in open court to a U.S. Magistrate Judge as required by Rule 6(f) of the Fed. R. Crim. P.. nor does the record reflects that 12 or more grand jurors voted to indict.

2. The indictment failed to satisfy requirement of Fifth Amendment, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime. **i.e., drug quantity and type.**



3. The indictment failed to give adequate notice of the **"nature and cause"** of the accusation as required by the Sixth Amendment to the Constitution.

4. That the indictment failed to provide adequate notice to the defendant to allow him to intelligently consider his defense or plea.

5. That because the indictment failed to allege each material element of the offense it fail to charge the offense.

6. That the defendant herein objected to the indictment as being defective/insufficient before adjudication. See, **Motions to withdraw guilty plea.**

7. That because an indictment is jurisdictional, a defect in an indictment is not waived by a guilty plea.

8. That the Court exceeded its authority in acting as a fact-finder when it found the defendant was responsible for 5 kilograms of cocaine, when such facts were never presented to the grand jury or was presented and rejected by them.

9. That over defendant's objection the Court constructively amended the indictment after the grand jury had allegedly pass upon it.

   **WHEREFORE,** premises considered Count I of the Indictment must be DISMISSED as legally insufficient and constructively amended in violation of the Fifth and Sixth Amendment to the Constitution.

Respectfully submitted,

*Charles M. Llewlyn*
Charles M. Llewlyn, **Sui Juris**
USM#60206-004
Jesup FCI, 2680 Hi-Way 301 S.
Jesp, GA 31599
**UCC 1-207 Without Prejudice**

## Certificate of Service

I the undersigned hereby declare and certify that I deposited a true and correct copy of the foregoing instrument **"Motion to Dismiss Indictment"** affixed with adequate postage to effectuate deliver to Roger, Steffin, AUSA, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, Fl 33394 via First-Class Mail this day March 4, 2005.

                        Respectfully submitted,

                        */s/ Charles W. Llewlyn*
                        Charles M. llewlyn, **Sui Juris**
                        USM#60206-004
                        Jesup FCI, 2680 Hi-Way 301 S.
                        Jesup, GA 31599
                        **UCC 1-207 Without Prejudice**