UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.:00-6022-CR-DMM |
| | * | |
| CHARLES M. LLEWLYN, | * | |
| Defendant(s). | * | |
| | * | |

## MOTION TO ALTER AND/OR AMEND JUDGMENT
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e)

**AND NOW COMES** the Defendant Charles M. LLewlyn, in proper person, pro se, respectfully move this Court to reconsider its Order entered on May 9, 2005, denying Defendant's Motion to Modify Sentence. In support thereof Defendant respectfully show the Court as follows:

1. On February 3, 2005, Defendant Motion to Correct or Modify Sentence pursuant to 18 U.S.C. §3582(c)(1)(B) was filed in this Court, Defendant also moved for appointment of counsel to perfect said motion.

2. On May 9, 2005, this Court fully advise in its premise denied Defendant's motion citing as reason, see, Varela v U.S. 400 F.3d 864 (11th Cir. 2005).

3. Defendant respectfully posit to the Court that its reliance on Varela, as dispositive of the issue presented herein is severely misplaced.

4. The Court exceeded its authority in imposing an exceptional sentence of Defendant, to which this Court's duty and obligation to its oath and constitution requires the Court to notice.

**ARGUMENT**

A fair and jut reading of Varela, shows the following undisputed facts: (1) Varela, proceeded to trial, and on May 29, 1998, the jury found Varela guilty; (2) On January 13, 2000, the Eleventh Circuit affirmed his conviction (United States v Rodriquez, 98-3161 at *19 2000 WL 64283); (3) Varela files a Petition for Certiorari before the United States Supreme Court, which was denied on May 15, 2000. Varela v United States, 529 U.S. 1122 (2000).

As reflective of the above facts Varela's conviction became final approximately one month before the sea change decision of Apprendi v New Jersey, 530 U.S. 466 (June 2000). Hence, its obvious that at the time when Vareal's conviction became final, Apprendi was not the law of the land. Defendant's case is easily distinquish from Varela's as defendant's conviction and sentence was secured after Apprendi was decided. See, **Exhibit "A"** (Mandate of Eleventh Circuit July 27, 2001); see also, Logiudice v United States, 354 F.Supp.2d 242 (E.DN.Y. 2005)(holding, "Petitioner is therefore only eligible for relief if his conviction became final after June 26, 2000). The same result is warranted here.

As Defendant's conviction was secured after Apprendi was decided, the correct application of Apprendi to the instant case would not be a retroactive application. See, Kaua v Frank, 350 F.2d 848 (D.Hawai'i 2004), (Application of Supreme Court's decision in Apprendi, which

required that, other than prior conviction, any fact that increased penalty for a crime beyond statutory maximum prescribed be submitted to jury and proven beyond a reasonable doubt, to petitioner's case on habeas review was not prohibited retroactive application, where petitioner's sentence was not final, given that his direct appeal had not been decided, when Apprendi was decided.) The same result is warranted here. Simply put, the Court misapplied the clear teachings of Apprendi and the Court should be duty bound to correct its own error.

It should be noted that objections was lodge against this Court finding facts used to increase Defendant's sentence past level 12 of the U.S.S.G., this Court denied Defendant's objections. Justice now requires that the Court applies the correct application the Supreme Court has made clear in Blakely v United States, 542 U.S. _____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which applied and explained the rule expressed in Apprendi, which was the law of the land at the time of Defendant's sentence and conviction. Justice requires no less.

WHEREFORE, premises being reconsidered this Court must and should recognize that a miscarriage of justice has been perpetuated against the Defendant and correct same.

    Respectfully submitted,

    *Charles M. Llewlyn*
    Charles M. Llewlyn
    USM#60206-004
    Jesup FCI
    2680 Highway 301 South
    Jesup, GA 31599

# United States Court of Appeals
## For the Eleventh Circuit

No. 00-15230

District Court Docket No.
00-06022-CR-DMM

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 25, 2001

THOMAS K. KAHN
CLERK
```

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

CHARLES LLEWLYN,
a.k.a. Charles Llewylin,

    Defendant-Appellant.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

    Entered: May 25, 2001
For the Court: Thomas K. Kahn, Clerk
    By: McCombs, Elaine



ISSUED AS MANDATE
JUL 27 2001
U.S. COURT OF APPEALS
ATLANTA, GA

Scanned Image - 0:00CR6022 Document 242 page 2 Thu Dec 20 07:50:38 2001

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was deposited affixed with adequate postage to effectuate delivery to: AUSA Roger Steffin, Esquire, 500 East Broward Boulevard, Ft. Lauderdale, Florida 33301.

This day 11th, 2005.

Respectfully submitted,

Charles LLewlyn, Pro Se
USM#60206-004
Jesup FCI
2680 Highway 301 South
Jesup, GA 31599

C-1