IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CHARLES M. LLEWLYN,

    Petitioner,

-versus-

                                    CASE NO. 00-6022-CR-DMM

UNITED STATES OF AMERICA,

    Respondent.

_____/

**MOTION TO PRESERVE BOOKER CLAIMS UNDER DODD**

1. On January 12, 2005, the Supreme Court in **United States v Booker,** 543 U.S. ____, 160 L.Ed.2d 621, 651, 125 S.Ct. 738, 756, applying the **Winship** rule, announced a new rule of constitutional law applicable to both federal criminal convictions and sentences. See, **United States v Rohira,** 355 F.Supp.2d 894, 900 (N.D. Ohio 2005). Applying the **Winship** rule, the **Booker** Court held that "the statutory maximum sentence a [federal] judge may impose [under the mandatory guidelines] [is] solely on the basis of the facts reflected in the jury's verdict or admitted by the defendant." **Booker,** 160 L.Ed.2d @ 643. [1]

---

[1] In the case sub judice the district court in employing the mandatory Guideline, found facts that were neither charged proven beyond a reasonable doubt to inflict punishment. Such action violated Petitioner's Sixth Amendment rights and his due process rights to be sentenced upon proof beyond a reasonable doubt.

2. The 1-year limitation period within which a federal prisoner may file under **Title 28 U.S.C. ; 2255¶6(3) &¶8(2)**, a motion for relief from his conviction or sentence on the basis of a right newly recognized by the United States Supreme Court starts on "the date which the right asserted was initially recognized by the Supreme Court," rather than the date the decision is made retroactive to cases on collateral review. See, **United States v Dodd,** 545 U.S. ___, 162 L.Ed.2d @ 349-50, 125 S.Ct. ___ (2005). The limitations period in **§2255¶6(3)** applies to "all motions" under **§2255**, initial motions as well as second or successive ones. See **Dodd, supra.** Section **2255, ¶8(2),** narrowly restricts an applicant's ability to file a second or successive motion. Under **Dodd** the **Booker** 1 year limitation period started on January 12, 2005.

3. The following Courts have held that **Booker** does not apply retroactively to cases on collateral review and based on those holdings it would be futile for Petitioner to file a **§2255¶6(3)** or **¶8(2)** motion for relief from conviction or sentence at this time. Such a motion would be a waste of judicial resources. **See, e.g., Munoz v United States,** 404 F.3d 527, 533 (1st Cir. 2005); **Humphries v United States,** 397 F.3d 479, 481 (2nd Cir. 2005); **In re Olopade,** 403 F.3d 159, 160 (3rd Cir. 2005); **In re Elwood,** 408 F.3d 211, 213 (5th Cir. 2005); **McReynolds v United States,** 397 F.3d 479, 481 (7th Cir. 2005); **In re Anderson,** 396 F.3d 1336, 1339 (11th Cir. 2005); **Varela v United States,** 400 F.3d 864, 866-68 (11th Cir. 2005).

4. Petitioner believes that the new rule of constitutional

law announced in **Booker**, which adopted the **Winship** rule of proof beyond a reasonable doubt, will be made retroactive by the Supreme Court due to its multiple retroactive holdings of **Winship**, 397 U.S. 358, 364 (1970) to habeas cases in light of **Tyler v Cain**, 633 U.S. 656, 668, 121 S.Ct. 2478, 2485, 150 L.Ed.2d 532 (2001). Therefore, Petitioner urges this Court to grant this motion to preserve his **Booker** claims until the United States Supreme Court decides the issue of retroacivity of the **Apprendi** line of cases to cases on collateral review.

5. This motion is made in the interest of justice and to preserve Petitioner's **Booker** claim in light of **Dodd**.

Respectfully submitted,

Charles M. Llewlyn
USM#60206-004
Jesup FCI
2680 Highway 301 South
Jesup, GA 31599

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via First Class Mail postage pre-paid to: AUSA Roger Steffin, 500 E. Broward Blvd., Ft. Lauderdale, Fl 33394, this day January 6, 2006.

Submitted by,

Charles Llewlyn