UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| | * CASE NO. 00-6022-DMM |
| -versus- | * |
| | * |
| CHARLES M. LLEWLYN, | * |
| Defendant. | * |

MOTION TO RESCIND CONTRACT AND/OR
DECLARATORY JUDGMENT

**COMES NOW INTO COURT**, the Defendant Charles M. Llewlyn ("Llewlyn") in proper person, sui juris and move this Honorable Court for a grant declaring the contractural agreement entered into by Llewlyn and the United States void ab inito. In support thereof Llewlyn would show the Court as follows:

1. On or about May 11, 2000, Llewlyn by and through counsel entered into a contractural agreement with the United States, in which Llewlyn would enter a plea of guilty to Count One of the above entitled Indictment.

2. The terms of the executed contractural agreement as understood by Llewlyn at that time was, the United States would move the court as time of sentencing to dismiss count two of the Indictment and (2) that Llewlyn would be provided with a limited-use Immunity

for full cooperation with the United States.

3. That on May 11, 2000, at the change of plea hearing before this Court, this court enquired of Llewlyn as to any <u>promises</u> that were made contingent upon entering a plea of guilty.

4. That, attorney Philip Horowitz, esq., fully informed the court of the contractural agreement between the parties which succinctly provided that the United States would execute a limited-use immunity agreement to the defendant. . . .

5. That consistent with the court's obligation under Federal Rules of Criminal Procedure Rule 11 et seq, the court inquired of the defendant if he understood the agreement as deciphered by counsel and if that was the defendant understanding. Llewlyn answered in the affirmative. **See, Change of Plea Transcript, Case No. 00-6022-cr-DMM, May 11, 2000.**

6. That inconsistent with the terms of the agreement as understood by Llewlyn, the United States have failed to fully execute the agreement in principle.

7. That the underlying action by the United States have rendered the contract entered into and accepted by this Court **null and void.**

8. That the inaction by the United States in fulfilling its contractural obligation owed to Llewlyn constitutes a **breach of contract** and **fraud.**

9. The contract currently being excuted for a term of 110 months and 3 years supervised release is **void ab inito**, and must be so declared by this Honorable Court.

10. The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty. **Santobello v New York,** 404 U.S. 257 (1977); **United States v Johnson,** 132 F.3d 628 (11th Cir. 1998).

11. The issue of whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered the plea. **United States v Taylor,** 77 F.3d 368 (11th Cir. 1996).

12. Here, in the case sub judice the United States action in breaking the bargain, squarely undercuts the basis for the waiver of constitutional rights implicit in the plea. **See, Santobello,** 404 U.S. @ 256 ( . . . it is also clear that a prosecutor's promise may deprive a guilty plea of the **"character of a voluntary act."** citing **Machriboda v United States,** 368 U.S. 487).

**WHEREFORE,** premises being considered and pursuant to this Court's inherent authority under Title 28 U.S.C. § 2201, this court in the interest of justice should declare:

1. The contract as executed in the aboce styled matter is null and void;

2. The contract as executed herein was procured by fraudulent misrepresentation;

3. That the United States failure to execute the terms of the agreement constitutes a breach of contract; and

4. Order a[n] evidentiary hearing and appoint counsel to fully develop the facts as alleged herein; or

5. Grant any relief deem just and equitable.

Respectfully submitted,

*Charles M. LLewlyn*
Charles M. LLewlyn

CERTIFICATE OF SERVICE

I HEREBY certify that I delivered a true and correct copy of the foregoing instruments: (1) **Motion to Rescind Contract and/or Declaratory Judgment** and **Affidavit in Support** was hand delivered to Prison Authorities on May 8, 2006, affixed with sufficient postage to effectuate delivery via First Class Mail upon:

AUSA Roger Steffin, Esq.
United States Attorney's Office
500 East Broward Blv'd
Ft. Lauderdale, Fl 33301

Submitted by,

*Charles M. Llewlyn*
Charles M. Llewlyn
USM#60206-004
Jesup FCI
2680 Highway 301 South
Jesup, GA 31599