UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6022-CR-DMM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | MOTION TO DISMISS INDICTMENT FOR LACK OF JURISDICTION |
| CHARLES M. LLEWLYN,<br>Defendant. | *<br>*<br>* | |

TO: THE HONORABLE JUDGE DONALD M. MIDDLEBROOKS:

MAY IT PLEASE THIS HONORABLE COURT, comes now, Charles M. Llewlyn ("Llewlyn") appearing, in propria persona and hereby move this Court for a grant pursuant to Federal Rules of Criminal procedure 12(b)(2) for a grant dismissing the above entitled Indictment for lack of jurisdiction. In support thereof Llewlyn would show the Court as follows:

1. On or about January 25, 2000, a[n] alleged Federal Grand Jury allegedly returned a Two Count Indictment aganist Llewlyn and four others for violation of federal narcotics laws. Dkt. #28.

2. That appearing before said grand jury was one Mr. Roger Stefin, a person that was not properly appointed to represent the United States in litigation concerning criminal matters. See 28 U.S.C. §§515(a) & 542(a); Fed.R. Crim. P. 54(c).

3. That utilizing the Freedom of Information Act, Llewlyn recovered from the Executive Office of the United States Attorney's

Office a copy of the "Appointment Affidavit" of Mr. Roger Stefin. **See Exhibit "A" (Appointment Affidavit).**

4. A review of the "Appointment Affidavit" succinctly shows that the oath of Office was improperly administered and hence Mr. Stefin's appointment is void ab inito. The Officer administering the oath was not authorized to do so by law. Accordingly, because the oath of office was not properly executed the United States was not properly represented in the above styled proceedings. **See United States v Pignatiello,** 552 F.Supp. 251 (D.Colo. 1984)(Indictment is subject to dismissal due to participation in grand jury proceedings of Special United States Attorney prior to her taking oath of office, notwithstanding that individual in question had acknowledge obligation of secrecy).

5. Mr. Stefin was not authorized to participate in the prosecution because the oath of office was not properly executed. Per the Appointment Clause of the United States Constitution the lack of a valid oath of office renders any proceedings Mr. Stefin participated in <u>void</u> and deprives the Court of jurisdiction. **See United States v Providence Journal Co.,** 485 U.S. 693, 108 S.Ct. 1502, 1511, 99 L.Ed.2d 785 (1988)(**Court lacked jurisdiction unless "a proper representative of the Government" participated in the action**).

Rule 12(b)(2) specifies various defenses and objections that must be raised prior to trial. Rule 12(b)(2) includes within that category "defenses and objections based on defects in the indictment **(other that that it fails to show jurisdiction in the court or charge an offense which objections should be noticed by the court**

the pendency of the proceedings)." Read in context, the parenthetical phrase provides only that the described objections, even if not raised before trial, are not waived. See **United States v Tomney**, 144 F.3d 749 (11th Cir. 1998)("Although unconditional guilty plea waives nonjurisdictional defects in proceedings against defendant, it does not waive jurisdictional defects); see also **United States v Meacham**, 626 F.2d 503, 510 (5th Cir. 1980). Whether a claim is "jurisdictional" depends on "whether the claim can be resolved by examining the face of the Indictment or the record at the plea without requirement of further proceedings." quoting **United States v Caperell**, 938 F.2d 975, 977-78 (9th Cir. 1991).

6. Here, in the case sub judice Mr. Stefin lacked the authority to represent the United States this Court must dismiss the Indictment for lack of jurisdiction. Where as here, Mr. Stefin acted unilaterally in presenting the Indictment and prosecuting said matter on behalf of the United States when he was without jurisdiction to do so deprive the court of any jurisdiction it may have had. Consequently, the proceedings are void.

**WHEREFORE,** under the authority of **United States vs Providence Journal Co., supra,** the Indictment herein must be dismissed.

/s/: *Charles M. Llewlyn*
Charles M. Llewlyn
USM#60206-004
Jesup FCI
2680 Highway 301 South
Jesup, GA 31599

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 296
61-107

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

ASSISTANT UNITED STATES ATTORNEY   February 6, 1989
(Position to which appointed)   (Date of appointment)

US DEPARTMENT OF JUSTICE   U.S. ATTORNEYS OFFICE SOUTHERN DIST. FLORIDA   FORT LAUDERDALE, FLORIDA
(Department or agency)   (Bureau or division)   (Place of employment)

I, ROGER H. STEFIN, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

ROGER H. STEFIN
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this 6th day of February A.D. 19 89,

at MIAMI                                    FLORIDA
   (City)                                   (State)

                          Marcella Cohen
[SEAL]                    for DEXTER W. LEHTINEN
                          (Signature of officer)

Commission expires_____   UNITED STATES ATTORNEY
(If by a Notary Public, the date of expiration   (Title)
of his Commission should be shown)

NOTE.—*The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

☆U.S. G.P.O. 1982-381-525/2006

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing instrument was served upon the United States Attorney's Office, 99. N.E. 4th Street, 5th Floor, Miami, Florida 33132, this 9th day of November 2006.

/s/: *Charles M. Llewlyn*
Charles M. Llewlyn
USM#60206-004
Jesup FCI
2680 Highway 301 South
Jesup, GA 3199